### JIM WIGGINS V. THE STATE.

No. 10590.　Delivered February 23, 1928.

Rehearing granted March 7, 1928.

**1.—Manufacturing Intoxicating Liquor — Evidence — Cross-Examination of Appellant—Held Proper.**

Where appellant, on trial for manufacturing whiskey, defended on the ground that he was manufacturing same for his own use, for medicinal purposes, there was no error in permitting the state, on his cross-examination, to prove that he purchased the still being used, concealed it from his own family and all others; removed it from his home county into another county, and set it up at a point quite a distance from his camp. Such proof was not open to the objection that it was receiving evidence of a separate and distinct offense.

**2.—Same—Continued.**

Where the defense interposed that such making was done under one of the exceptions allowed by the statute, any relevant fact rebutting such innocent intent becomes admissible, and that such testimony may involve some other offense is not ground for its rejection.

**3.—Same—Continuance—On Admission of State—Properly Refused.**

Where appellant moves for a continuance, and the state not only admitted that the absent witness would testify as stated in the applica-

tion, but also admitted the testimony would be true, there was no error in refusing the continuance.

**4.—Same—Selecting Jury—No Error Shown.**

Where the jury list was marked by both the state and defendant and before the names of those selected were read, or known, the jury was permitted to go to dinner, no error is shown in this procedure.

**5.—Same—Evidence—Cross-Examination of Wife—Not Improper.**

Where the wife of appellant testified in his behalf, there was no injury nor error in permitting the state, on her cross-examination, to prove that she had never seen the still, found in appellant's possession, nor had he brought it to their home, but see opinion on rehearing.

**6.—Same—Evidence—Cross-Examination—Proper.**

Where appellant's son had given testimony as to his father's state of health, in support of the defense of manufacturing the whiskey for his medicinal use, there was no error in permitting the state to fairly cross-examine the son, restricting the cross-examination to matters pertinent to this defense, but see opinion on rehearing.

ON REHEARING.

**7.—Same—Evidence—Of Intent—Properly Admitted.**

Where the state had admitted that appellant was in bad health and had been advised by physicians to use whiskey as a medicine, and appellant claimed that he was manufacturing the whiskey for that purpose, there was no error in permitting the state, on his cross-examination, to prove by him that the still used was concealed in a thicket, distant from any habitation. See Graeb v. State, 283 S. W. 819.

**8.—Same—Evidence—Cross-Examination of Wife—Improper.**

Where appellant's wife had testified solely as to his state of health, it was error to permit the state to prove by her on cross-examination that she had never seen the still he was using to manufacture the whiskey around her house, and that she had never seen it before in her life, said testimony was violative of the statute which forbids the wife to become a witness against her husband, not being germane to the direct examination, and was calculated to impress the jury that appellant was conscious of an unlawful act in suppressing the knowledge of the still from his wife.

**9.—Same—Evidence—Cross-Examination of Son—Erroneous.**

Where appellant had introduced his son as a witness, who testified only as to appellant's state of health in support of his defense, that he was manufacturing the whiskey for medicinal purposes, it was error to permit the state to prove by said witness, on cross-examination, that appellant was financially able to buy whiskey for his own use as medicine. See Branch's Ann. P. C., Sec. 325; Davis v. State, 52 Tex. Crim. Rep. 332, and other cases cited on rehearing.

Appeal from the District Court of Hardin County. Tried below before the Hon. Thos. B. Coe, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Coe & Briggs* of Kountze, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for manufacturing intoxicating liquor, punishment one year in the penitentiary.

Officers discovered appellant and one Day engaged in the manufacture of liquor, their still being set up in a baygall thicket something like a half mile from the camp occupied by appellant and Day, and in which they claimed to be staying while engaged in trapping. The place of arrest was in Hardin County. Appellant lived in Tyler County.

There are a number of bills of exception in the record, all of which have received our careful attention.

We discuss the errors complained of in the order in which they are presented in the brief. There are several bills of exception complaining of testimony elicited from appellant on cross-examination relative to his purchase of the still in question in Polk County, to his removal of same to Tyler County where he lived and where he said he concealed the still in some bushes and did not take it to his home; also that he brought the still from Tyler County down into Hardin County, where he was arrested and engaged in the making of the whiskey. Appellant's defense in this case was that he was making whiskey for his use as a medicine. That being the case, we think it entirely permissible for the state to show his purchase of the still, and his concealment of it from his own family or anyone else; also his removal of the still from his home county and bringing it into another county where he set it up at a point quite a distance from the camp which he and his friend were occupying. Such proof was not open to the objection that it was receiving evidence of a separate and distinct offense. Proving one the maker of whiskey necessarily involves in most cases proof of his possession of the still and equipment. When the defense interposed that such making was done under one of the exceptions allowed by the statute, any relative fact rebutting such innocent intent becomes admissible. That testimony material to the development of any case on trial may involve some other offense, is not ground for its rejection.

Appellant complains of the overruling of his application for continuance. The bill shows that the state not only admitted that the witness would testify as stated in the application, but also admitted the testimony would be true. There was no error in overruling the application.

There is also a complaint of the fact that the jury lists had been delivered to counsel for the state and appellant and they had interrogated the jurors and marked their jury lists—that the jury were permitted to go to dinner before the lists were read and those jurors who had been selected were sworn. We are unable to perceive any merit in this objection. It is not shown that the lists which had been passed upon were made known to anyone, or that any of the jury panel were approached or in anywise made aware who had been selected. When the jurors came back to the courthouse the jury lists as agreed upon seem to have been called and jurors so selected to try this case. We are unable to agree that the bill presenting this complaint manifests error.

There is a bill of exceptions complaining of bringing the equipment found by the officers in use by appellant, into the court room. No improper use of it in any way is shown.

Bills of exception Nos. 5 to 9, inclusive, present appellant's complaints of testimony relative to the purchase of the still, its concealment, and it being brought by appellant from Tyler County to the county where he was engaged in using same at the time he was arrested. We have discussed this matter above.

Bill No. 10 shows that appellant's wife was used by him to establish the fact that he needed whiskey for medicine, etc. She was asked by the state on cross-examination if she had ever seen the still, which was in evidence, and over objection she was required to say that she had never seen it in her life. This seems in entire consonance with appellant's own testimony —he having sworn that he did not take the still to his house, but concealed it in bushes. We perceive no injury possible from the testimony.

Appellant's son took the stand in his behalf and testified that for several years the health of appellant was poor; that from February, 1926, to the time of this trial in June of said year he had lived with appellant, and that during that time the health of appellant had been "mightly poorly." On cross-examination this witness testified that the family kept a boarding-house and had from twelve to eighteen boarders and were getting along all right. Over objection he stated appellant had always been able to employ doctors and buy medicine when he needed it; also that witness had never bought any whiskey on prescription for appellant; also that witness had always been able and willing to aid appellant in any way, but had never been called on to procure whiskey for appellant or the services of a doctor; also that witness had never seen the still in question at appel-

lant's home. We have given serious consideration to each of these bills and fail to perceive any error that could have affected the rights of the appellant in any of them. If it be true, as witness testified, that his father's health had been poor for a number of years, it would appear not too remote to show that this witness had never been called on to procure the kind of medicine that his father said he needed, and it certainly could not be improper for witness to testify that he was always able, ready and willing to get medicine for his father, nor for him to state that he had never observed this still at his father's house. None of the bills to the reception of testimony show that anything was permitted in evidence which did not have to some extent a bearing upon the questions involved in this case. Appellant seems to have been allowed full latitude in the development of his theory, and we see no reason to complain that the state was allowed a fair latitude in combating the theories of the defense. The evidence overwhelmingly and without contradiction showing that appellant was engaged in the manufacture of liquor, and it appearing that the jury had given him the lowest penalty, we are unable to perceive any room for valid contention that any of the matters referred to were capable of any injury. Appellant had several barrels of mash near where the still was, the testimony showing the mash was ample to make quite a number of gallons of whiskey. Appellant's reason for having the still down in Hardin County, and for not putting it up somewhere reasonably close to his camp, the quantity of mash he had, and the entire testimony seems ample to justify the jury in concluding there was no substance to the claim interposed, namely, that appellant was making the whiskey for medicinal purposes alone.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—According to the state's testimony, officers located a still in a thicket. After watching the still and listening to a conversation for a while, they rushed upon the still and found the appellant and Day. The still was in operation and was running whiskey. On the ground were a number of utensils, including bottles, jars, buckets, an axe, barrels of mash, and a jug of whiskey.

According to the testimony of the appellant, given in his own behalf, he was sixty-three years of age. In company with Day,

who was seventy years old, he was engaged in trapping. They had built a wooden shack in which they lived, and decided to make some whiskey for medicinal purposes. They had only begun operations when Officers Gardner and Daniels appeared, made the arrest and took possession of and destroyed the still. According to his testimony, appellant had not at any previous time manufactured intoxicating liquor. Upon cross-examination there was elicited from the appellant, over his objection, testimony to the effect that he had possessed a still about a year before which he had gotten from a man by the name of Elkins in Polk County; that he had taken it to Tyler County; that he had not taken it to his home but had put it in some bushes and later brought it to Hardin County, where it was found at the time of his arrest, which was at a point about three-fourths of a mile from the camp-house. He testified that he did not put it at his camp-house because he did not want anyone to know that he had such a thing. He claimed and testified that for seven years he was unable to perform any manual labor; that he was suffering from physical ailments for which it was necessary to use whiskey; that he had used it and did use it upon the advice and under the direction of physicians; that he took four drinks a day.

It is the state's contention that the testimony mentioned, which was elicited upon the appellant's cross-examination, was relevant upon the issue of the intent of the appellant in making whiskey. Appellant contends that the peculiar circumstances are such as to render the receipt of the testimony mentioned improper and prejudicial to a degree that demands a reversal of the judgment. To obviate a continuance, the state made the following admission:

"The state admits as true the following facts: That Dr. W. L. Selman removed from Hicksbaugh, Texas, about two years before this date; that prior thereto he was the physician of the defendant and treated him for asthma and other ailments, covering a period of five or six years; that during said period the health of the defendant was bad, and during said period the defendant was treated by the said witness and was advised by said witness to use and take whiskey for his health, and that the use of whiskey would be good for defendant's health."

It is quite plausibly contended that the fact that the appellant moved the still from Polk County to Tyler County would be a matter of no weight as bearing upon the issue of intent, but that proof of it being prima facie an extraneous offense (that of transporting equipment), its receipt in evidence was inhib-

ited by the rule which forbids the introduction of proof of other offenses not coming within some of the permitted exceptions to the rule. It is conceived that the concealment of the still would be a circumstance usable by the jury to combat the appellant's testimony that his intent in making the whiskey was a lawful one. The writer is of the opinion that so far as the testimony elicited upon the cross-examination went to show the concealment of the still, it was admissible and relevant. See Graeb v. State, 283 S. W. 819. The appellant introduced his wife who testified, and the testimony elicited by him from her related solely to the state of his health and corroborated his own testimony. Upon cross - examination, over appropriate objections, she testified that she had never seen the still around her house; that she had never seen it before in her life. Against this tstimony the point is made that it was violative of the statute which forbids the wife to become a witness against her husband; that not being germane to the direct examination, its receipt was error. Appellant, through his counsel, contends that the testimony thus elicited from his wife was calculated to impress the jury that the appellant was conscious of an unlawful act in possessing the still and in consequence suppressed the knowledge that he had it from his wife. This cross-examination of the wife, we think, was improper.

A son of the appellant was introduced in his behalf on the issue of his father's physical condition. On cross-examination, over objection of the appellant, the state elicited from the witness testimony to the effect that his father had always been able to buy medicines and whiskey needed for his treatment. The relevancy of this testimony is not perceived. The position taken by the appellant, in his testimony, was that in making the whiskey he was engaged in a lawful act—that of making whiskey for his use as medicine—and that his financial condition with reference to his ability to procure whiskey by other means was not a proper subject of inquiry for the reason that it was his right to make whiskey for medicine, notwithstanding he might have been able to purchase it. He had introduced no testimony upon the subject of his inability to purchase, and the testimony mentioned came in the nature of original testimony for the state. We do not find, by way of bill of exceptions, any complaint of the cross-examination of this and other witnesses as bearing upon the appellant's ill health and the necessity for the use of whiskey for his bad health. That question, however, was foreclosed by the admission which has been copied above, and the state was in no position to contradict the fact that the

appellant had been suffering from asthma and other ailments for a period of five or six years, and had been treated therefor by a physician who had advised him that whiskey was good for his ailments and should be used therefor. Branch's Ann. Tex. P. C., Sec. 325; Davis v. State, 52 Tex. Crim. Rep. 332; Roberts v. State, 143 S. W. 614; Davis v. State, 152 S. W. 1097. The improper testimony elicited from his son tends to controvert these conceded facts in that it was calculated to convey to the jury the idea that if the appellant was really in need of whiskey and able to buy it, that it was not necessary for him to have engaged in the unlawful manufacture of it.

Upon reconsideration and viewing the matter of which complaint is made in the light of the entire record, we are constrained to the view that the motion should be granted. It is accordingly ordered that the affirmance be set aside, the judgment of the trial court reversed and the cause remanded.

*Reversed and remanded.*