## JIM MISSOURI V. THE STATE.

### No. 11692.   Delivered March 7, 1928.

#### 1.—Burglary—Evidence—Of Other Offenses—Improperly Admitted.

Where appellant was charged with burglarizing a corn crib on a particular occasion, and time, proof that prosecuting witness' corn crib had been burglarized three times theretofore, and that the day following the last burglary witness found some corn cobs, in size and appearance very similar to those contained in his crib, on the premises of appellant, was improperly admitted in evidence.

#### 2.—Same—Evidence—Of Extraneous Offenses—When Admissible.

Proof of extraneous crimes which were not a part of the res gestae, and which do not go to prove intent, identity or system, are not admissible. See Long v. State, 39 Tex. Crim. Rep. 546; Hill v. State, 44 Tex. Crim. Rep. 603, and Smith v. State, 52 Tex. Crim. Rep. 80.

#### 3.—Same—Continued.

It has been many times held that proof of an independent crime is not admissible by reason of the fact that it was committed on the same day or the same night. See Woodard v. State, 51 S. W. 1122; Nunn v. State, 60 Tex. Crim. Rep. 86; also Branch's P. C., 99.

Appeal from the District Court of Fort Bend County. Tried below before the Hon. M. S. Munson, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

*Heidingsfelder, Kahn & Branch* of Houston, for appellant.

*A. A. Dawson*, State's Attorney, for the State.

MARTIN, JUDGE.—Offense burglary, penalty two years in the penitentiary.

Prosecuting witness was awakened on the night the crime was committed and as he approached his corn crib, someone fled therefrom, whom he was not able to identify.

Prosecuting witness, over objection, was permitted to testify that his corn crib had been burglarized three times in the preceding months and that the morning after the last mentioned burglary he found a great quantity of corn cobs on the premises of appellant of the same peculiar size of those owned by him. No corn was taken the night of the last burglary. The similarity of the corn cobs was relied on to show appellant's connection with these previous burglaries.

Admitting that proof of similarity of corn cobs would be sufficient to connect appellant with these prior offenses, which may well be doubted, still we do not think this evidence was admissible. This evidence appears to fall clearly within the rule inhibiting proof of extraneous crimes which were not a part of the res gestae and which did not go to prove intent, identity or system. Williamson v. State, 13 Tex. Crim. App. 518. Branch's P. C., Sec. 166. Proof that appellant committed a like offense at another time is not legal evidence that he committed the offense for which he was being tried unless such other offense tended to prove intent, system, or identity, when these are issues. Hill v. State, 44 Tex. Crim. Rep. 603. The fact that two or more crimes were committed in the same way does not show system. Long v. State, 39 Tex. Crim. Rep. 546; Smith v. State, 52 Tex. Crim. Rep. 80. It has been many times held that proof of an independent crime is not admissible by sheer force of the fact that it was committed on the same day or the same night. Woodard v. State, 51 S. W. 1122; Nunn v. State, 60 Tex. Crim. Rep. 86. Branch's P. C., p. 99.

If it had been shown in this case that the former burglaries had been committed by appellant and that in the instant case

the crime was committed in such manner or under such facts as tended to show that the party who committed the last burglary was identical with the one who committed the first because of certain identifying facts common to both transactions, the above evidence would have been correctly admitted upon the issue of identity. We find nothing, however, in the facts of the first burglary which tends to identify the man who fled from the burglarized premises on the night in question as appellant, unless it could be said that proof of the alleged commission of one offense by appellant is legal evidence that he was the man seen committing another. This last proposition is too manifestly unsound to require discussion. Disposition of this point makes it unnecessary to discuss appellant's other assignments of error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.