FARRELL STEWART V. THE STATE.

No. 20,546. Delivered November 29, 1939.
Rehearing Denied January 17, 1940.

The opinion states the case.

*R. H. Templeton* and *R. H. Cocke,* both of Wellington, for appellant.

*William L. Kerr,* District Attorney, of Pecos, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is murder; the punishment, confinement in the penitentiary for twenty years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Clarence Austin by shooting him with a gun.

It was the theory of the State, given support in the testimony, that appellant killed deceased without provocation. It was appellant's theory, as disclosed by his testimony and that of his witnesses, that deceased had alienated his wife's affections and had broken up his home. Appellant testified that a few days before the homicide he had been informed that notwithstanding deceased had promised to pay no further attention to his wife, he (deceased) had gone to Midland to see her while she was visiting in the home of her father; that John Gilbert had informed him (appellant) that he had seen deceased riding with appellant's wife in the Town of Midland; that his wife had theretofore promised to retun to his (appellant's) home and renew their marital relations; that deceased had also promised to keep away from appellant's wife; that after Gilbert advised him (appellant) that he saw deceased and appellant's wife together in Midland he (appellant) sought deceased for the purpose of asking him about his further attentions to his wife; that when he spoke to deceased, deceased made an effort to secure a pistol; that believing his life was in danger he shot deceased.

It appears that John Gilbert did not testify. The court permitted appellant to testify that Gilbert had informed him of deceased's presence in Midland with the wife of the appellant. As disclosed by bills of exception 4 and 5, the court refused to permit the father of appellant's wife to testify that he saw deceased and appellant's wife in a car together in Midland two or three days prior to the homicide, but had not communicated such fact to the appellant. We think in rejecting this testimony the court committed reversible error. The immediate cause of the seeking of the deceased by the appellant, according to the version of appellant, was the information he had received from Gilbert relative to seeing deceased and appellant's wife together in Midland. The State appears to have taken the position that appellant's version of the romance of deceased and appellant's wife was either false or unfounded. Further, it appears to have been the position of the State that deceased had not visited the wife of the appellant in Midland. In the state of the record the fact that the father of appellant's wife had not informed appellant that

deceased had visited his wife in Midland would not have rendered the testimony immaterial. Such testimony would have supported appellant's version that he had actually received the information from Gilbert to which we have referred. By excluding the testimony the court left the State in the position to contend that Gilbert, who was not present at the trial, had conveyed no such information to appellant and that it was not true that deceased had gone to Midland to see appellant's wife. The testimony was relevant and material, and of a nature that was calculated to benefit appellant. We quote from Branch's Annotated Penal Code, Section 97, as follows: "Relevancy is defined to be that which conduces to the proof of a pertinent hypothesis—a pertinent hypothesis being one which, if sustained, would logically influence the issue. Hence it is relevant to put in evidence any circumstance which tends to make the proposition at issue either more or less probable."

The case of Newchurch v. State, 121 S. W. (2d) 998, upon which the State relies, is not in point.

For the error discussed, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

KRUEGER, Judge.

The district attorney has filed a motion for a rehearing herein in which he contends that this court erred in holding the testimony of L. E. Cook admissible to the effect that appellant's wife visited his home. That during said time, the deceased came to see her, but that the witness did not inform appellant thereof until after the alleged homicide. He then contends that this testimony was not admissible, because the act of the deceased in calling on appellant's wife could not have had any effect on appellant's mind. If the testimony had been offered for that purpose, then the State's contention might be correct, but it was not offered for such purpose. It was offered for the purpose of corroborating the statement of John Gilbert who, according to the bill of exception, had prior to the homicide, informed appellant of the deceased's visit to his (appellant's) wife, while she was visiting in the home of her parents at Midland, Texas. The State cites us to the case of

Newchurch v. State, cited in the original opinion, in support of its contention. We have again reviewed that case, but remain of the opinion that it is not analagous to the case at bar. In that case, the evidence was offered to show the accused's state of mind, produced by an alleged act on the part of the deceased of which the accused had no knowledge. Therefore it could not have operated to disturb the equilibrium of his supposed sedate mind. Here the testimony was not offered to show a *disturbed mind,* but to corroborate and sustain the statement of John Gilbert who had thus informed appellant of the deceased's visits to appellant's wife, and after the State had offered testimony to the effect that the deceased had ceased to pay attention to appellant's wife for some time prior to the homicide, and therefore did not go to Midland to see her. In short the testimony was relevant to support appellant's defensive theory, and it occurs to us that there is quite a difference between the case at bar and the Newchurch case, supra.

The State's motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.