JAMES G. MILLER v. THE STATE.

No. 21320. Delivered December 18, 1940.

The opinion states the case.

*Earl Shelton* and *R. C. Wilson,* both of Austin, and *W. C. Wofford,* of Taylor, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is burglary. The punishment assessed is confinement in the state penitentiary for a term of five years.

Appellant was charged by indictment returned by the grand jury of Williamson County at the January term, 1940, with the offense of burglary alleged to have been committed on or about the 10th day of November, 1939, by unlawfully breaking and entering the house then and there occupied and controlled by E. R. Logan with the intent then and there to fraudulently take therefrom corporeal personal property therein being and then and there belonging to the said E. R. Logan, etc.

It appears from the State's testimony that on November 10th, sometime after 1:00 A. M., the appellant and two companions overpowered the night-watchman, placed tape over his eyes, taped his hands behind him and then took him behind a filling station where one of the men guarded him while the others burglarized the store of E. R. Logan, the Faust Cafe and the store of C. F. Hickman. The appellant, James G. Miller, was identified by the night-watchman as one of the men who participated in the commission of the offense.

E. R. Logan testified that he lived at Liberty Hill and was engaged in the drug business there; that on or about the 10th day of November, 1939, the front door of his store was prized open and some personal property taken therefrom; that sixty or seventy pair of ladies' hose were taken from his store, also some jewelry, including a heart-shaped locket with a cameo on it and a chain attached thereto.

Mrs. McCafferty testified that she resided on Rio Grande Street in the City of Austin; that on November 8, 1939, about noon, the appellant and his wife rented an apartment from her;

that on the day after the alleged offense she saw appellant take some trash, papers and garbage from his apartment to the trash basket near the steps of her home. The basket was rather full of trash and in order to prevent the puppy from scattering it on the lawn she went out to put the trash in a deeper basket; that she noticed a box which she thought would make a nice box in which to put a pair of hose for Christmas; that she looked at the box, saw that it was soiled and then put it back in the trash can.

Paul Blair, an officer, came to her home, examined the trash can and took therefrom a box and carried it away. After the appellant and his wife had been placed in jail, Mrs. McCafferty packed up his belongings and among them she found a little gold cameo locket wrapped up in a cup towel. This locket, as well as the hose box, was subsequently identified by Mr. Logan as having been taken from his store on the night in question. The box bore his cost mark which he positively identified. On the morning after the burglary had been committed, the officers found that the telephone wires leading out of Liberty Hill had been cut.

Appellant did not testify or offer any affirmative defense.

The State over the objection of the appellant, offered proof that Adams Grocery Store, the Purser Grocery Store and the store of C. G. Hickman had all been burglarized on the night in question. Appellant's objection thereto was that the burglary of these various other stores was a separate and distinct offense and was an attempt upon the part of the State to prove extraneous offenses which did not tend to establish intent, res gestae or system. We are inclined to agree with the appellant's contention.

In the instant case, the appellant was charged with the burglary of the Logan store. He made no denial thereof further than his plea of not guilty. He was positively identified by the night-watchman, and some of the property taken from the burglarized store on the night in question was found in his possession and he offered no explanation of his possession thereof. The fact that other stores were burglarized about the same time in the same town did not shed any light on the alleged burglary or appellant's connection therewith.

This is a companion case to that of Miller v. State, No. 21,262, decided by this Court on the 27th day of November, 1940. (Page 640 of this volume). In that case appellant offered

proof of an alibi which brought into question his identity at the time and place of the commission of the offense charged in that case and we there held that by reason thereof proof of the commission of another offense at or about the same time and place became admissible on the question of his identity but in the instant case his identity at the time and place of the commission of the offense charged was not brought into question; hence the fact that other stores were burglarized about the same time and place did not shed any light on the question of appellant's identity or his connection with the offense charged. In support of what we have said, we refer to the following cases: McGowan v. State, 117 Texas Cr. R. 74; Jordan v. State, 96 Texas Cr. R. 622. The following cases sustain appellant's contention that evidence as to the commission of other burglaries about the same time by the accused is not admissible: Hill v. State, 73 S. W. 9, 44 Texas Cr. R. 603; Overstreet v. State, 150 S. W. 630; 67 Texas Cr. R. 565.

For the error pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.