## W. M. COSTON V. STATE

No. 26,976.  May 26, 1954

*Florence* and *Florence,* by *G. L. Florence, Gilmer,* for appellant.

*James L. Hartsfield,* County Attorney, *Charles A. Allen,* Assistant County Attorney, Quitman, and *Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Burglary is the offense; the punishment, two years in the penitentiary.

Anderson's grocery store and meat market in Winnsboro, Texas, was burglarized the night of June 22 or during the early morning hours of June 23, 1953. Included in the property taken in the burglary were approximately thirty pairs of men's socks, a large quantity of cigarettes in cartons, and $18 in money.

Berryhill, who, upon his plea of guilty, had been convicted of the burglary of the Anderson grocery store prior to the instant trial, testified in behalf of the state that he committed the burglary and that appellant was present and aided him in the commission of that crime.

Berryhill lived in Dallas, and was unemployed at the time. Appellant lived in the Berryhill home. He (Berryhill) and appellant conceived the idea of committing some burglaries, and appellant suggested that he knew of a place at Winnsboro. With the idea in mind of going to Winnsboro and burglarizing the place, the two left Dallas the night of June 22, 1953, in an automobile which it appears appellant had borrowed.

After the burglary of the Anderson store, Berryhill and appellant returned to Berryhill's home with the loot. Berryhill was to dispose of the property and divide the proceeds with the appellant. Berryhill sold the cigarettes in Dallas and part of the other items he gave to his mother. He did not give appellant any of the proceeds from the sale of any of the stolen goods.

To corroborate the testimony of the accomplice Berryhill, the state relies chiefly upon the testimony of his wife, Tillie Berryhill. Her husband's case having been entirely disposed of prior to the giving of her testimony, she was a competent witness against the appellant. Ayres v. State, 105 Texas Cr. R. 15, 284 S.W. 960.

Mrs. Berryhill worked at night as a practical nurse at one of the hospitals in Dallas. According to her testimony, she was at home when her husband and appellant left the house the night of the burglary. She did not know, nor did they tell her, where they were going. Soon, thereafter, the witness left the house to go to work. She did not return home until about nine o'clock the next morning. No one was at her home at that time. She

then went to the home of her mother-in-law, who lived next door and was caring for the children while she was at work. There, she saw appellant and her husband. Later in the day, after returning home with her husband and appellant and while cleaning house, the witness found a large cardboard box containing twenty-five or thirty cartons of cigarettes in the closet and eight or ten pairs of men's socks in a dresser drawer. The cigarettes and socks so found were not in her house when she left to go to work the previous night, according to her testimony. Appellant was not in or about the house when she found the cigarettes and socks.

The witness suspicioned that the cigarettes and socks had been stolen, but made no report of any suspicion to the officers.

In addition to the testimony above, the sheriff of the county, to whom a report of the burglary was made, testified that he found two sets of shoe tracks leading from the burglarized premises to the place where a car had been parked nearby. There was other evidence tending to connect Berryhill and appellant with the making of these tracks.

The conclusion is reached that error requiring a reversal of this case is reflected by Bill of Exception #25, by which it is made to appear that in the development of its case in chief the state proved by the accomplice witness Berryhill that on the same night, and anterior to the burglary of the Anderson building, they also burglarized a wholesale grocery store in the city of Winnsboro.

Among the objections registered to this testimony was that it proved the commission by appellant of another and extraneous offense.

As has often been said, it is the policy of the law that an accused is entitled to be tried for the offense charged against him and that proof of the commission of other offenses by the accused is admissible only when coming under some exception to the general rule, such as when the evidence is a part of the res gestae or shows intent, identity, motive, or system when such are issues in the case.

Here, the testimony of the accomplice showed the guilt of appellant. The appellant did not testify, nor did he offer any affirmative defense. Hence, there was no issue which would authorize proof of the extraneous crime.

The following cases confirm the conclusion that the admission of the testimony complained of was error: Miller v. State, 140 Texas Cr. R. 479, 145 S.W. 2d 870; Smith v. State, 52 Texas Cr. R. 80, 105 S.W. 501; Missouri v. State, 109 Texas Cr. R. 193, 4 S.W. 2d 68; McGowan v. State, 117 Texas Cr. R. 74, 36 S.W. 2d 156, and Lawrence v. State, 128 Texas Cr. R. 416, 82 S.W. 2d 647.

The sufficiency of the evidence to show corroboration of the accomplice presents a troublesome question. A determination of that question will be deferred.

For the error discussed, the judgment is reversed and the cause is remanded.

Opinion approved by the court.