Billy Jack **BENNETT** and Joe Bob Bennett,
Appellants,

v.

**The STATE of Texas, Appellee.**

No. 40828.

Court of Criminal Appeals of Texas.

Dec. 6, 1967.

Rehearing Denied Jan. 17, 1968.

McCown & Sheehan, Louis T. Dubuque,
Dumas (on appeal only), for appellants.

William Hunter, Dist. Atty., Dalhart, and
Leon B. Douglas, State's Atty., Austin, for
the State.

## OPINION

MORRISON, Judge.

The offense is burglary; both appellants
received an eight year sentence.

Their common ground of error No. 3 is
that the court erred in admitting evidence
of an extraneous offense.

Officer Hudson, when testifying about
his investigation of the burglary of the cafe
owned by the injured party named in the
indictment, stated that he first went to a
nearby filling station. Appellants immedi-
ately objected and asked that the jury be
retired. This being done, Mr. Bynum, own-
er of the nearby filling station was called
and testified that on the day of the cafe
burglary, a tire tool and a screw driver
were missing from his filling station. Ap-
pellants' objection was overruled. In the
jury's presence he then testified to the
same thing and volunteered that when the
tire tool was returned to him he did not
see on it any red paint that "Could (have)
come off my coke box. * * * I think
they (the perpetrators of the crime) used
(the tire tool) to take $20.00 out of that
coke box. * * *" Though the court in-
structed the jury not to consider the vol-
unteered testimony, the prosecutor immedi-
ately asked him if some machine in his
place was damaged that day. Appellants'
objection was again sustained. It was fur-
ther shown that tire tools similar to the
one in question were offered for sale to the
general public and that no identifying
marks were placed on the tools by the man-
ufacturer differentiating one from another.

In his argument to the jury, the
prosecutor pointed out the fact that appel-
lants' possession of the tire tool allegedly
taken from Mr. Bynum's service station at
the time they were arrested was evidence
that they had committed the burglary

charged in the indictment. There was no evidence that the tire tool found in appellants' possession was the one taken from Mr. Bynum's service station, and there was no evidence that the tire tool was used in the commission of the offense charged. The introduction of this testimony and the tire tool was evidence of an offense not shown to have been committed by the appellants and unrelated to the offense charged, and therefore was not available to show the commission of the offense charged. Hafti v. State, Tex.Cr.App., 416 S.W.2d 824.

 The pertinent rule of law as stated in 10 Tex.Jur.2d, Sec. 100, p. 267, citing Hawkins v. State, 122 Tex.Cr.R. 84, 53 S. W.2d 780, is: "it is improper to show that certain articles in the defendant's possession were fruits of former crimes, there being nothing to show that the fact has a bearing on the case being tried."

In Miller v. State, 140 Tex.Cr.R. 479, 145 S.W.2d 870, another burglary case, it was held reversible error for the state to prove that other places of business in the town of Liberty Hill were burglarized on the night of the burglary charged in the indictment.

In Coston v. State, 160 Tex.Cr.R. 159, 268 S.W.2d 180, this Court held it reversible error for the state to prove by an accomplice witness that on the same night as that charged in the indictment, he and appellant had committed another burglary in the same city.

In Garcia v. State, 165 Tex.Cr.R. 134, 305 S.W.2d 605, this Court held it error to prove in development of the state's case in chief, as was done in the case at bar, that the accused had engaged in shoplifting for some ten years prior to the occasion charged in the indictment.

Still later in Carroll v. State, Tex.Cr. App., 365 S.W.2d 786, this Court held it error for the State to prove another unrelated offense.

As in Hafti v. State, supra, the proof here clearly conveyed to the jury evidence that appellants had committed another unrelated offense and that such proof constituted reversible error.

Accordingly, the judgment is reversed, and the cause is remanded.