Francis OWENS, Appellant,

v.

The STATE of Texas, Appellee.

No. 42421.

Court of Criminal Appeals of Texas.

Dec. 10, 1969.

Rehearing Denied March 4, 1970.

John E. Cahoon, Sr., J. Charles Whitfied, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Phyllis Bell and Wells Stewart, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is robbery by assault; the punishment 20 years' confinement in the Texas Department of Corrections.

The record reflects that on October 14, 1967, about 1:15 p. m. appellant entered the Pilgrim's Cleaners located at 5231 South Park Boulevard in the city of Houston and by exhibiting a pistol placed Henrietta Davis, age 61, an employee of the store who was alone, in fear of her life and took $85 from her possession and control.

On cross-examination the appellant sought to shake Mrs. Davis' identification of him as her assailant by questioning her description of his skin color and her ability to observe with her bifocal glasses.

Testifying in his own behalf, appellant related that at the time in question he was in Palestine, Texas. He called three additional witnesses to support his claim of alibi.

In rebuttal the State offered the testimony of five mature or elderly women, all employees of Pilgrim's Cleaners in the city of Houston, who testified that while alone in various branch offices of such business located in different sections of Harris County they were each robbed at gunpoint by the appellant during the month of October, 1967; that such robberies occurred in the afternoon and, like Mrs. Davis, they were forced to go to the rear of the store while the appellant took money from the cash register.

Prior to permitting some testimony to be offered in rebuttal before the jury, the careful trial judge first heard such testimony in the absence of the jury and determined its admissibility.

Appellant vigorously contends the court erred in admitting into evidence these extraneous offenses. He advances the theory that the State's proof as to the robbery charged was positive and the admission of evidence of the other robberies was not justified under any of the exceptions to the general rule of inadmissibility of evidence of extraneous crimes, was prejudicial and calls for reversal. He relies upon Hafti v. State, Tex.Cr.App., 416 S.W.2d 824. See also Bennett v. State, Tex.Cr.App., 422 S.

W.2d 438; Chandler v. State, Tex.Cr.App., 417 S.W.2d 68; 23 Tex.Jur.2d Evidence, Sec. 197, p. 306.

In 23 Tex.Jur.2d, Evidence, Sec. 194, p. 294, it is stated:

"As a general rule, in criminal cases the accused can be convicted, if at all, only by evidence that shows that he is guilty of the offense charged. Consequently, evidence that he has committed other crimes that are remote and wholly disconnected from the offense with which he is charged is ordinarily inadmissible. * * *"

There are exceptions to the general rule.

In 23 Tex.Jur.2d, Evidence, Sec. 195, p. 300, it is written:

"Evidence of the commission of other crimes by the accused is admissible as part of the res gestae or to show identity of person or crime, intent, motive, scienter, system, and malice. Evidence of other crimes is also admissible to discredit the accused when he testifies in his own behalf, or to show his failure to have reformed, or to controvert a defensive theory advanced by him. These exceptions to the general rule prohibiting evidence of other crimes are discussed in greater detail immediately hereinafter. It must be remembered, however, that even though evidence of another crime may be relevant to the instant proceeding, such evidence should not be admitted unless the commission of the other crime is clearly proved and the accused is shown to have been its perpetrator."

There are occasions, though, when the exceptions are not applicable.

In Hafti v. State, supra, Judge Belcher wrote:

"The rule appears to be consistent that if the testimony of the state leaves no question as to intent or identity of the defendant, proof of an independent crime is not admissible. Also, where there is positive testimony to support the

state's case, proof of other independent offenses is not admissible. 1 Branch 2d. 200, Sec. 188; 5 Branch 2d 31, Sec. 2601; 23 Tex.Jur.2d 306, Sec. 197; Story v. State, 107 Tex.Cr.R. 266, 296 S.W. 296; Taylor v. State, 138 Tex.Cr.R. 161, 134 S.W.2d 277; 42 A.L.R.2d 854."

This case is not Hafti and is not controlled by it.

■ It must be remembered that the exceptions to the general rule do come into play authorizing the admission of evidence of other similar offenses against one on trial for robbery whenever it is shown to be relevant to a contested issue in the case. 42 A.L.R.2d 854. The fact that material or relevant evidence shows the commission of a separate offense will not suffice to reject it. Adams v. State, 95 Tex.Cr.R. 226, 252 S.W. 797; Wiggins v. State, 109 Tex. Cr.R. 195, 3 S.W.2d 811.

■ It clearly appears that the issue of identity was raised in the case at bar by cross-examination as occurred in Ferrell v. State, Tex.Cr.App., 429 S.W.2d 901. Certainly by offering evidence as to alibi appellant called into question Mrs. Davis' identification of him as the man who robbed her, thus authorizing the admission of the extraneous offenses. See Parks v. State, Tex.Cr.App., 437 S.W.2d 554.

■ Further, testimony as to other robberies committed a short while before or after the robbery charged within the same vicinity and by a person identified as the accused is admissible in refutation of a defense of alibi.[1] 42 A.L.R.2d 854, 876.

Appellant contends the extraneous · offenses were not admissible to rebut his defensive theory of alibi since such none of such offenses occurred on October 14, 1967. While such testimony may not have

directly contradicted the alibi evidence as to appellant's whereabouts on October 14, 1967, it tended to defeat or discredit such defensive theory and was admissible. See Thompson v. State, 170 Tex.Cr.R. 258, 339 S.W.2d 209.

Ground of error # 1 is overruled.

■ Appellant further complains of the trial court's failure to respond to his timely presented objection and to give a proper instruction limiting the purpose for which the jury could consider evidence of extraneous offenses.

The court instructed the jury as follows:

"You are further instructed that if there is any testimony before you in this case regarding the defendant's having committed offenses other than the offense alleged against him in the indictment, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offense or offenses, if any were committed, and even then you may not consider the same unless you find and believe beyond a reasonable doubt that there is such a concurrence of common features between the several crimes, if any, as will show logically that all of them might well have resulted from a common plan or systematic course of action. If you do so believe beyond a reasonable doubt, you may only consider the same in determining the identity of the defendant, if it does, in connection with the offense, if any, alleged against him in the indictment, and for no other purpose."

Such instruction substantially follows the language recommended in Willson's Texas Criminal Forms, Sec. 3601.

[1]. See Sanders v. State, Tex.Cr.App., 449 S.W.2d 262 (wherein evidence of other robberies held admissible to rebut defensive theory that the accused was under psychomotor seizure at the time of the robbery charged). In Blankenship v. State, Tex.Cr.App., 448 S.W.2d 476 an extraneous offense of robbery was held admissible to the defense of a "frame" of the robbery charged. See also Hart v. State, Tex.Cr.App., 447 S.W.2d 944.

In view of the charge given, appellant's objection was without merit. Ground of error # 2 is overruled.

■ Next, appellant contends the court erred in failing to give his special requested charge in lieu of the one set out above.

The requested charge reads as follows:

"The State has introduced testimony as to various transactions other than the alleged offense particularly set out in the indictment. You are instructed that this testimony was admitted before you solely for the purpose of showing, if it does, the identity of the defendant at the time of the transaction alleged in the indictment, and for no other purpose. .If you consider it at all you will consider it solely for the purpose for which it was admitted and for no other, as proof of any other transactions is not proof of the charge contained in this indictment."

The charge actually given is far more favorable to the appellant than the one requested. "Further, it is well established that special requested charges may be properly refused where the instructions given by the court are adequate and fully protect the rights of the accused." Parks v. State, supra. See also 12A Texas Digest Criminal Law ⚖ 829(1); Kelly v. State, 135 Tex.Cr.R. 509, 120 S.W.2d 1067; 12A Texas Digest Criminal Law ⚖ 829(10).

Ground of error # 3 is overruled.

■ Lastly, appellant, who was ably represented by counsel, complains of the court's action in refusing to permit him to personally address the jury at the penalty stage of the proceedings. Ward v. State, Tex.Cr.App., 427 S.W.2d 876, has been decided contrary to appellant's contention. We are not impressed with appellant's attempt to distinguish Ward by pointing out that Ward did not testify while he took the stand at both phases of his bifurcated trial.

Ground of error # 4 is overruled.

The judgment is affirmed.