**Jay Todd NEESE, Appellant,**

v.

**The STATE of Texas.**

**No. 09–83–205 CR.**

Court of Appeals of Texas, Beaumont.

Oct. 10, 1984.

James A. DeLee, Nederland, for appellant.

William C. Wright, County Atty., Orange, for appellee.

## OPINION

McNICHOLS, Justice.

This is an appeal from a jury trial wherein the jury returned a verdict of guilty of aggravated robbery and assessed punishment at 99 years in the Texas Department of Corrections.

On December 30, 1982, one Douglas Powell was robbed at gun point at his place of business in Orange, Texas, by a male approximately 5' 10" tall, wearing a hard hat liner, sunglasses, a beige colored jacket, faded jeans and a blue plaid shirt. Powell had an opportunity to observe the assailant's features, described the weapon and identified the weapon introduced as the one used to rob him, identified the items worn by the assailant and positively identified the appellant as the assailant. The gun, helmet liner and sunglasses were recovered by the Orange County Sheriff's Department at the time of appellant's arrest at a trailer house in Vidor, Texas. Immediately prior to his arrest, the appellant was observed coming out of a back bedroom of the trailer house where the gun was recovered. When arrested, appellant denied knowledge of the gun, helmet liner and sunglasses.

At the trial, appellant objected to the legality of the out-of-court identification, the admissibility of the items taken in the "questionable search" and other robberies

introduced as extraneous offenses to prove identity, all of which were overruled.

■ On the defense of alibi, the state in rebuttal, presented evidence of appellant committing robbery against three other victims within a 24-hour period. The in-court identification by the victims of the other extraneous offenses was not objected to on the grounds of impermissible suggestiveness; thus, no error was preserved.

■ Appellant's first ground of error is that the trial court erred in admitting, over objection, "highly prejudicial and inflammatory evidence for which no relevance nor connection between such evidence and Appellant was shown." Appellant states that an illegal entry was made into the trailer but does not set this out as a ground of error in his brief. Rather, appellant, drawing a comparison to possession of contraband in drug and narcotics cases, argues that the theory of "affirmative links" applies; and, as there was no showing that appellant was ever in possession of the items seized or in control of the premises there was no affirmative link between appellant and the items seized to justify their introduction into evidence. Appellant cites *Mendoza v. State*, 583 S.W.2d 396 (Tex. Crim.App.1979); *Williams v. State*, 498 S.W.2d 340 (Tex.Crim.App.1972); and, *Frazier v. State*, 480 S.W.2d 375, 381 (Tex. Crim.App.1972) as authority. We disagree. The items in question or items exactly identical to them were identified by the victim and by others robbed within a two day period. We hold the admissibility of these items proper, being a circumstance which makes the commission of the offense by the appellant more probable. *Stewart v. State*, 138 Tex.Crim. 286, 135 S.W.2d 103 (1939). We overrule this ground of error.

■ Appellant's second ground of error is that the trial court erred in admitting prejudicial evidence of separate extraneous offenses which occurred subsequent to the case on trial. Appellant relied upon an alibi as a defense. This raised the issue of identity and, to prove identity, the state offered the testimony of three witnesses who were the victims of two extraneous robberies which occurred within approximately 24 hours after the case at bar. All these witnesses made a positive identification of appellant. It is appellant's contention that the extraneous offenses are unavailable as proof of appellant's identity because the commission of the extraneous offenses occurred after the case at bar. Appellant cites *Landers v. State*, 519 S.W.2d 115 (Tex.Crim.App.1974) which, however, makes no distinction between prior and subsequent extraneous offenses.

■ The general rule in criminal cases, as set forth in *Landers, supra,* is that the accused can be convicted, if at all, only by evidence that shows he is guilty of the offense charged and thus, evidence that he has committed other crimes that are remote and wholly disconnected from the offense with which he is charged is ordinarily inadmissible. *See also 23 Tex.Jur.2d Evidence, sec. 194* (1961).

■ But there are exceptions and "testimony as to other robberies committed a short while before or after the robbery charged within the same vicinity and by a person identified as the accused is admissible in refutation of a defense of alibi." *Owens v. State*, 450 S.W.2d 324 (Tex.Crim. App.1969). *See also Williams v. State*, 481 S.W.2d 815 (Tex.Crim.App.1972); *Griffin v. State*, 455 S.W.2d 298 (Tex.Crim.App. 1970). The trial court properly admitted this evidence solely for the purpose of identity. Finding no error, appellant's second ground of error is overruled.

■ Appellant's third ground is that the trial court erred in receiving the in-court identification evidence over appellant's objection. The record reflects that Douglas Powell based his identification solely on what he observed at the time of the crime and not on any subsequent viewing of the photographic line-up. Appellant requested that the photographic array be deemed impermissibly suggestive and/or that the identification be stricken. Appellant contends that he has met the two-prong test of *Simmons v. United States*, 390 U.S. 377,

384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968) on the grounds that the identification procedure was so impermissibly suggestive that it gave rise to a very substantial likelihood of irreparable misidentification. We have examined this record in its entirety and do not find any error in the admission of the identification evidence; and, were there error in such admission, it was at most harmless. Appellant's third ground of error is overruled.

Finding no error, the judgment of the trial court is in all things

AFFIRMED.