Opinion delivered April 22, 1886.

[No. 3926.]

G. H. DAY v. THE STATE.

1. SUNDAY LAW.—INFORMATION charges that the defendant "did unlawfully on Sunday sell to certain persons to affiant unknown, certain drinks of whisky, said Day being then and there a liquor dealer." The motion to quash was predicated upon the proposition that the information was insufficient in that it failed to allege that the defendant was a "trader in a lawful business," or that he was a "*retail* liquor dealer." *Held*, that "liquor" is "merchandise" within the meaning of Article 186 of the Penal Code, which provides that if any "dealer in merchandise" shall barter or sell on Sunday, "he shall be punished," etc., and the information was sufficient to charge the offense of selling on Sunday.

2. SAME—PRACTICE—COMPLAINT.—The defense moved the trial court to strike out the complaint because the same had not been filed in the county court. The court overruled the motion and ordered the complaint filed. *Held*, correct.

3. CHARGE OF THE COURT.—Having charged correctly upon the presumption of innocence, and the reasonable doubt, the trial court did not err in refusing a special charge to the effect that the burden was upon the State to prove the offense as alleged.

4. Same.—Exceptions must be reserved to the charge of the court in misdemeanor cases, if objected to. Otherwise the charge will not be revised on appeal.

Appeal from the County Court of Tarrant. Tried below before the Hon. Sam. Furman, County Judge.

The conviction in this case was for selling whisky on Sunday; a fine of twenty dollars being the penalty imposed.

The motion for new trial raised the questions discussed in the opinion.

*Ayres & Lassiter*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

Hurt, Judge. The information alleges, *inter alias*, that appellant "did unlawfully, on Sunday, sell to certain persons to affiant unknown, certain drinks of whisky, said Day being then and there a liquor dealer." Appellant moved to quash upon the ground that the information does not allege that defendant was a *trader in a lawful business* at the time of the commission of the offense, nor does it allege that he was, at the time of said sale, "*a retail liquor dealer.*" This motion was by the court overruled, and we have presented the question,—was the information sufficient?

Article 186 of the Penal Code provides that if any "dealer in merchandise" shall barter or sell on Sunday, he shall be fined not less than twenty nor more than fifty dollars. The information charges that appellant was, when he sold the whisky, a liquor dealer. Is this an allegation that defendant was a dealer in merchandise? That liquor is an article of merchandise there can be no doubt. The objection to the information is not well taken.

Defendant moved the court to strike out the complaint because not filed in the county court. This was refused and the complaint ordered filed, which was done. In this there was no error.

Appellant insists that the court should have submitted to the jury the special charges requested by him, to-wit: that the burden was upon the State to prove the offense as alleged. The court had charged that "defendant is presumed to be innocent until his guilt is established by legal evidence; and in case of a

reasonable doubt as to his guilt, he is entitled to be acquitted."
This we think sufficient.

Appellant objects to the charge of the court as a whole. We
find no radical error, and as there were no exceptions taken to
the charge at the time, no bill of exceptions reserved, we will
not seek for defects, this being a misdemeanor case.

The judgment is affirmed.

*Affirmed.*