## G. G. RICHARDSON v. THE STATE.

No. 11128.     Delivered January 18, 1928.

Rehearing denied March 21, 1928.

**1.—Burglary—Evidence—Identification of Stolen Property—Held Sufficient.**

Where, on a trial for burglary, it was shown that the house of prosecuting witness was entered and twelve sacks of cotton seed stolen, one of said sacks being branded and another, an oat sack, all tied in a peculiar way and the same number of sacks of the same description was afterward found in appellant's possession, the identification of the stolen property was sufficient.

**2.—Same—Argument of Counsel—No Charge Requested—No Error Shown.**

Where appellant complains of statements of state's counsel in his argument to the jury and no requested charge was asked to disregard such statement, and the remarks were not shown to have been of that inflam-

matory character which requires a reversal, regardless of special charge to disregard the argument, no reversible error is shown.

3.—Same—Evidence—Identification of Stolen Property—Rule Stated.

That stolen property may be identified circumstantially, as well as by direct testimony, is not to be questioned. "The state may trace by positive or circumstantial evidence the property alleged to have been stolen, and whether the property shown to have been in the possession of defendant was the identical property stolen is, in most cases, a question for the jury." See Branch's Ann. P. C., Sec. 2482, Burgess v. State, 107 Tex. Crim. Rep. 90, and other cases cited on rehearing.

Appeal from the District Court of Jones County. Tried below before the Hon. W. R. Chapman, Judge.

Appeal from a conviction for burglary, penalty three years in the penitentiary.

The opinion states the case.

*Stinson, Hair, Brooks & Duke* of Abilene, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE.—Offense burglary, penalty three years in the penitentiary.

The state relied for a conviction chiefly upon recent possession of stolen property from the burglarized premises. The only serious question in the case is the question of the sufficiency of the proof of identity of the alleged stolen cotton seed found in possession of appellant to support the conviction.

Prosecuting witness missed twelve sacks of cotton seed from a house on his premises. One of these sacks was branded "Cash Pedigreed Seed." There was one oat sack holding four and a half or five bushels, a piece of a large sack, the rest hundred-pound sacks, all tied in a peculiar way. This precise number of sacks, fitting exactly the description of witness' property, was found in the possession of appellant. It was also shown that a car with a trailer was seen near this house of witness one night about the time the property was stolen and that appellant in going to and from his farm passed near the house in which the property was stored. A trailer was found in possession of appellant.

Of course it could not be contended that cotton seed of the character shown in this record could be positively identified. However, we regard the fact that twelve sacks, fitting the exact

description of witness' property and tied in the same peculiar manner were found in appellant's possession of such strong and convincing character that it will meet the demands of the law as to identity. It would be a very remarkable coincidence indeed if appellant just happened to have one sack out of twelve, branded as witness' sack was branded, and just one piece of a sack out of twelve with about the same amount of cotton seed in it, all tied in the same peculiar and unusual manner detailed by witnesses for the state. The evidence is not as strong as to identity as it might be, but we believe it is sufficient under the authorities to support a conviction. Lynne v. State, 53 Tex. Crim. Rep. 375. Fetters v. State, No. 11340, not yet officially reported.

There is further complaint of the statements of state's counsel before the jury. No special requested charges were asked or given to disregard such statements and they were clearly not of that inflammatory character which requires a reversal regardless of special chages given at the instance of the defendant.

Finding no errors in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We are unable to agree with appellant in his renewed contention that the property found in his possession was not sufficiently identified as that taken from the burglarized premises. That stolen property may be identified circumstantially as well as by direct testimony is not to be questioned. Burgess v. State, 107 Tex. Crim. Rep. 90, 296 S. W. 318. In Sec. 2482, Branch's Ann. Tex. P. C., is found this language:

"The state may trace by positive or circumstantial evidence the property alleged to have been stolen, and whether the property shown to have been in the possession of defendant was the identical property stolen is in most cases a question for the jury."

Among other cases cited in support of the text is Bagley v. State, 3 Tex. Crim. Rep. 163, where the point involved was the identity of stolen paper money. From that opinion we quote:

"The actual identification of paper money, however, is often dispensed with to a considerable extent when there are other circumstances from which the general inference of guilt may be drawn."

The motion for rehearing is overruled.

*Overruled.*