J. D. Echols v. The State.

No. 18389.   Delivered June 10, 1936.

The opinion states the case.

*Frank Judkins,* of Eastland, *Hood Kizziar,* of San Angelo, and *Paul Petty,* of Ballinger, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—Burglary is the offense; penalty assessed at confinement in the penitentiary for three years.

J. M. Bates, the alleged injured party, testified that he conducted a filling station at Miles, Texas; that in his business he handled gas and oil and practically all automobile accessories. He locked his place of business on the night of April 26, 1934. Upon opening the place on the following morning he found that the building had been burglarized.   Upon checking his stock, he found that a number of tires, tubes, batteries and other articles were missing.   Part of the missing articles were recovered at the sheriff's office in Eastland, Texas.

Foster, the sheriff of Eastland County, testified that he knew where appellant lived in the county; that he recovered a trailer down in a bottom in which trailer were a bunch of automobile casings, some tubes, some oil and "radiator dope"; also some cold patch and other articles.   The trailer with its contents was found about a mile on the other side of the home of appellant's parents where he lived.   Appellant was at home at the time.   The sheriff said that some of the casings had tags with the name of "Bates" on them.

Wood, a deputy sheriff of Eastland County, testified that he accompanied the sheriff when the trailer was found in a

pasture adjacent to the house where appellant lived. At the time they found the trailer they were looking for the appellant on a felony charge. The trailer was a "four-wheel trailer" and was about full of automobile casings. The witness said that as they started back toward Ranger they met the appellant. They took him to his home so he could change his clothing and then brought him to Eastland.

The sheriff and his deputy were recalled. They both testified that they found two automobile casings in a granary or crib on the place where appellant lived; that these casings resembled those found in the trailer. One of the casings was wrapped in a brown-looking paper and the other was wrapped in blue paper.

The witness Kitchens testified that in the latter part of April, 1934, he saw appellant's car with a trailer attached to it on the road between Staff and Eastland. The trailer had a "tarp" over it so the witness could not see what was on the inside of it. The witness recognized Bill Dawson in the car but could not tell who the other man was as he had his face covered up.

Appellant did not testify but introduced several witnesses tending to prove an alibi.

Where recently stolen property is found in the possession of the accused and is relied upon as a circumstance for the conviction, such possession must be personal, must be recent, must be unexplained, and must involve a distinct and conscious assertion of the property by the defendant. See Branch's Ann. Tex. P. C., sec. 2463. In the present instance, the appellant was not shown to be in possession of the stolen property; nor was it shown that he asserted any right to it. See Underhill's Crim. Ev. (3d Ed.), pp. 16 and 17; secs. 17 and 18; and notes; also Vernon's Ann. Tex. P. C., 1916, p. 845, Art. 1329, note 33.

Deeming the evidence insufficient to sustain the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*