### E. M. LEWIS AND PORTER CROOKS V. THE STATE.

No. 18424. Delivered October 21, 1936.

The opinion states the case.

*Reynolds & Heare* and *Homer L. Moss,* all of Shamrock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is burglary; penalty assessed at confinement in the penitentiary for five years.

The house of Coward was burglarized and certain household furniture and effects were taken therefrom. The appellants were afterwards found in possession of certain of the property taken from the burglarized premises. Among the property so taken was a bed-room suite. This was found in the possession of one Glover and identified as belonging to Coward. Mrs. Glover testified that she purchased the suite from the appellants. At the time of the sale the appellants claimed that they were selling the property for one Stubbs. Stubbs, however, did not testify as a witness upon the trial, nor was his failure to testify accounted for in any manner.

The possession of recently stolen property is ordinarily a sufficient circumstance to authorize the jury's finding of guilt. See Branch's Ann. Tex. P. C., Sec. 2463. Where the accused is found in possession of part of the property taken and it is shown that at the time of the taking the whole of the property was so taken, then the possession of such portion thereof is a sufficient circumstance to authorize the conclusion that the property was all taken at one time and by the same party. See Norton v. State, 88 S. W. (2d) 1045.

Deeming the evidence sufficient to support the conviction, the judgment of the trial court is affirmed.

*Affirmed.*