## ROY KELLY v. THE STATE.

No. 19823.   Delivered October 26, 1938.
Rehearing denied November 23, 1938.

The opinion states the case.

*Ditzler H. Jones* and *G. B. Fenley, Jr.,* both of Uvalde, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is burglary; the punishment assessed is confinement in the State Penitentiary for a term of two years.

Appellant's first contention is that the evidence is insufficient to warrant and sustain his conviction in that the testimony of the accomplice witness, Jay Smith, was not corroborated on material matters connecting him with the commission of the offense. The testimony adduced by the State, briefly stated, is as follows:

Ed Shulman testified that on the night of December 20, he closed his place of business about 2:30 A. M. of the 21st. That during the night after he had closed, some one forcibly entered the same without his consent and took therefrom two rifles and some other merchandise. That up to the time of the alleged offense, appellant was one of his best customers and usually came into his place of business three or four times daily, but that after the burglary, he never came again.

Jay Smith, the confessed accomplice, testified in substance as follows: " * * * I live at Sabinal—on the night of Decem-

ber 20, 1936, I arrived at Uvalde about dark. I stopped at a filling station at the intersection of the road leading from Batesville to La Pryor. I met Roy Kelly on that night and we went from Uvalde to Brackettville and returned about 2:30 or 3 o'clock A. M. We then went back of Schulman's place of business, took a pair of bolt cutters, cut the bolts by which the screen was fastened, opened the window and the defendant, Roy Kelly, entered the building. He brought cigarettes, cigars, and two rifles to the window and handed them to me. We put the property in sacks, loaded it in my car and took it to Sabinal and later I sold most of it in San Antonio. We kept the two rifles until we decided to go to Corpus Christi and Robstown. At Robstown, we traded the .22 high-powered rifle for gas and oil. The defendant made the trade."

S. R. Vickery, a witness for the State, testified that appellant and Jay Smith appeared at his filling station one night about nine o'clock. Appellant came into the store with a .22 rifle and wanted to trade it for some gas. While they were discussing the proposed trade, Jay Smith came in and began to tell how good the gun was. That he filled up their car with gas and oil in payment for the rifle. That sometime later, the city marshal came and got the same.

The record shows that the trade occurred on or about the 1st of February, 1938. Sam Witt testified that on the night of the alleged burglary, he saw appellant and Jay Smith in the town of Uvalde near Shulman's place of business between the hours of ten and eleven o'clock P. M.

Appellant's defense was that of an alibi which he supported by the testimony of some good people. He, himself, testified that he was at home at all times during the night of December 20, helping his wife nurse a sick child, except for two short intervals when he went to summon a doctor.

The testimony further shows that a short time after the alleged burglary, appellant left his wife and child at Uvalde and drifted around in different parts of the State.

In determining whether there is sufficient evidence corroborating the testimony of an accomplice, certain well defined rules must be observed. The corroborating evidence must, as to some criminative fact, tend to connect the appellant with the commission of the offense charged in some material respect. Have we, in this case, any evidence which meets the requirements of this rule? We think so. The testimony shows that appellant was in possession of the rifle which was recently stolen

from the burglarized premises and was offering to exchange the same for some gas and lubricating oil. This, of itself, would in our opinion be sufficient to sustain his conviction for theft under the well recognized rule that possession of recently stolen property is a circumstance from which an inference of guilt arises. See Section 2346, Branch's Ann. P. C., p. 1283, and authorities cited. Should we, therefore, eliminate the testimony of the accomplice, we not only would have evidence that he was in possession of and offering to exchange recently stolen property, but find him in company with the self-confessed burglar on the night of the crime near the burglarized premises where he had, up to that date, been a regular customer but where thereafter he failed to set his foot inside again.

We think that when the testimony is considered as a whole, it is sufficient to sustain the jury's conclusion of appellant's guilt. See Lopez v. State, 92 Texas Crim. Rep. 97, 242 S. W. 212; Lewis v. State, 72 Texas Crim. Rep. 377; Jones v. State, 105 Texas Crim. Rep. 574.

Appellant, in due time, objected to the court's charge with reference to the law requiring the testimony of an accomplice to be corroborated. We have examined this charge with much care and reached the conclusion that it is, in every material respect, similar to the charge approved by this Court in the case of Brown v. State, 57 Texas Crim. Rep. 570.

The objection to the court's charge on alibi is without merit and will be overruled. We are also of the opinion that the court did not err in declining to give appellant's requested instruction with reference to the law requiring the testimony of an accomplice to be corroborated, inasmuch as the court's instruction on that subject was adequate and fully protected appellant in his rights.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—After carefully re-examining the record in the light of appellant's motion for rehearing we are con-

strained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.