## ISAAC TOMERLIN v. THE STATE.

No. 21499. Delivered March 26, 1941.

The opinion states the csae.

*Ivan Irwin,* of Dallas, and *W. V. Geppert,* of Teague, for appellant.

*L. L. Geren,* County Attorney, and *Clarence Ferguson,* Assistant County Attorney, both of Groesbeck, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with a nighttime burglary of the

store of Godfrey Jennings for the purpose of committing the crime of theft, and was by the jury convicted and given a term of three years in the penitentiary.

There are no bills of exceptions found in the record. The objections to the court's charge that appear in the record are not authenticated by the signature of the trial judge, and will not be considered by us. There is nothing left for us to consider other than the sufficiency of the facts.

It is shown by the testimony that on the night of January 24, 1940, the store of Mr. Jennings in Kosse, Texas, was broken into, the safe rifled and money, checks and some three leather jackets stolen. That when he opened his store the morning after the burglary, just outside the rear door, which was where the entry was made, in a trash can he found an old blue corduroy jacket. In the latter part of January, 1940, appellant was arrested in Dallas, and at such time he had on what looked like a new leather jacket, of a certain kind and color. Appellant was also seen in Fairfield some few days after the burglary, and he had a leather jacket on at that time. The old corduroy jacket was also placed on appellant and it fitted him, even to the bend in the elbows. The officers then took a new leather jacket similar to the one that appellant had on when arrested, and,— intending to send it, together with the jacket worn by appellant when arrested, to the chemist at the Public Safety Department at Austin,—when they approached appellant's cell in the county jail they found there was no jacket there., although appellant had same on when placed in this cell about fifteen minutes before such time. They then searched the cell and found pieces of leather on a bunk under the mattress and under the blanket and sent same to the chemist. The chemist testified that the pieces of jacket handed to him corresponded in color, texture, kind and pattern to the complete jacket handed to him, and identified as having been one of those not stolen but in the burglarized store at the time of the burglary. He called attention to the same size, color and kind of thread used in both jackets, the same jacket material, the same kind of basting tape underneath, and some similar textures, the vent holes under the arm pits similarity, as well as giving testimony that such jacket and pieces of a jacket were in his opinion the same pattern and model jackets.

The court gave a charge on circumstantial evidence, which seems to be a correct one. We have often held that the possession of recently stolen property, taken by means of burglary, is

428

sufficient upon which to predicate a verdict of guilt. See Lewis v. State, 97 S. W. (2d) 476; Richardson v. State, 4 S. W. (2d) 72. We quote the rule laid down by Mr. Branch in his Penal Code, Sec. 2482, page 1342:

"The State may trace by positive or circumstantial evidence the property alleged to have been stolen, and whether the property shown to have been in the possession of defendant was the identical property stolen is in most cases a question for the jury. Bagley v. State, 3 Texas Crim. App. 166; Polin v. State, 65 S. W. 183; Hooten v. State, 53 Texas Crim. Rep. 6, 108 S. W. 651; Lynne v. State, 53 Texas Crim. Rep. 376, 111 S. W. 729; Suggs v. State, 143 S. W. 186."

We have thus carefully set forth all the circumstances relied upon in order to establish appellant's guilt of the offense charged. We are inclined to doubt their sufficiency. It is nowhere shown that appellant was in Kosse about the time of the burglary. No closer contact than within two years prior to the time of the burglary is shown with the old corduroy jacket; no time shown circumstantially as to when the old jacket was placed in the trash barrel, and it is also shown that the new jackets were purchased from wholesale firms who doubtless sold many of them to stores throughout the State. The most cogent circumstance shown against the appellant is his supposed destruction of the leather jacket while in the jail. It is also shown, however, that there was another prisoner confined in said jail at such time, and he was not able to be produced at this trial. Under all the circumstances shown we are not willing to say that the facts herein produced are sufficiently strong to exclude every other reasonable conclusion than that of appellant's guilt.

The judgment will therefore be reversed and the cause remanded.