WILLIAM BREED V. THE STATE.

No. 21696. Delivered June 27, 1941.

The opinion states the case.

*Rio Blake,* of Jasper, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Burglary is the offense; the punishment, two years in the penitentiary.

The house belonging to McDaniel was burglarized, and certain articles of furniture taken therefrom, which were recently thereafter found in appellant's possession and in his house.

Appellant did not testify. By his wife and others, he proved that the property so found and identified in his possession as having been taken from the burglarized premises was brought there by the injured party, McDaniel, and the appellant, as a result of appellant's having bought and purchased same from McDaniel. The injured party denied this transaction.

The State's testimony is sufficient to authorize the jury's conclusion of guilt, under the well established rule that, a burglary of premises having been shown, the unexplained possession of property recently stolen in the burglary is a sufficient circumstance to convict such possessor thereof of the burglary. Branch's Annot. P. C., Sec. 2346; Echols v. State, 95 S. W. (2d) 442, 130 Tex. Cr. R. 511; Blake v. State, 112 S. W. (2d) 732, 133 Tex. Cr. R. 451; Kelly v. State, 120 S. W. (2d) 1067, 135 Tex. Cr. R. 509.

Appellant objected to the testimony of the officers showing the search of his private residence, and of the finding of the alleged stolen property therein, because the search warrant was invalid. By the testimony of his wife and others, he placed the possession of the alleged stolen property in himself and in his house. Appellant having proved the facts to which he objects, he is not in a position to complain. McLaughlin v. State, 4 S. W. (2d) 54; 109 Tex. Cr. R. 307; Montgomery v. State, 31 S. W. (2d) 440, 115 Tex. Cr. R. 469; Countee v. State, 44 S. W. (2d) 994, 119 Tex. Cr. R. 131; Bowers v. State, 125 S. W. (2d) 555, 136 Tex. Cr. R. 387. Appellant having offered his wife as a witness, she was subject to cross-examination the same as any other witness. Such cross-examination was germane to her testimony in chief. Appellant's complaint thereof is overruled.

No error appearing, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.