M. W. DUNHAM V. STATE.

No. 26,779. February 17, 1954.
Appellant's Motion for Rehearing Denied (Without
Written Opinion) March 31, 1954.

*Kelly, Morris, Keller & Walker,* by *Garrett Morris,* Fort Worth, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for burglary; the punishment, two years in the penitentiary.

Some time after closing hours on the night of April 25, 1953, the drugstore belonging to Sonnenberg, in Malone, Hill County, was burglarized by breaking the glass in the front door. A quantity of merchandise was taken therefrom. Blood stains were found on the door glass, the door panel, on a show case, and in the prescription department; a spot of blood was found on the cash register.

About two-thirty o'clock that night, the sheriff was notified of the burglary and he, in turn, notified the police department of the city of Hillsboro. With information regarding the burglary, two policemen, while patrolling the streets of Hillsboro about three-thirty o'clock, noticed an automobile bearing an out-of-county license being driven on the streets. The car was stopped. In the car was the appellant, who was the driver, and Rankin, who was seated by appellant in the front seat, and Richardson, who was in the back seat. Richardson was intoxicated. There was a cut on his leg and one on his arm and there was blood on his clothing. On the back floor of the car were certain articles which were later identified as having been taken from the drugstore in the burglary.

The state, in the direct examination of the arresting officers, proved that Rankin told them that the automobile belonged to him and that Richardson said the articles of merchandise therein belonged to him (Richardson).

It is upon the facts stated that this conviction rests. Appellant insists that they are insufficient to warrant the conviction.

That Richardson was found in the recent unexplained possession of the property taken in the burglary is abundantly established. Taken into consideration with the other facts showing the burglary and the blood stains found in the building, such facts are sufficient to warrant the conclusion that he was guilty of having committed the burglary. Breed v. State, 152 S. W. (2d) 764, 142 Tex. Cr. R. 335; Tomerlin v. State, 149 S. W. 2d 108, 141 Tex. Cr. R. 426.

Appellant's presence and aid to Richardson by driving his automobile authorized the jury to conclude that he was guilty as a principal with Richardson in the burglary.

The judgment is affirmed.

Opinion approved by the court.