## LORETTA HUMPHRIES v. STATE

No. 28,473. November 14, 1956.

*Matthews, Aultman & Riley,* by *Ronald Aultman,* Fort Worth, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is burglary; the punishment, 2 years.

The prosecuting witness Deaver testified that his home was entered on June 18, 1955, without his consent, and a sewing machine and a rifle taken therefrom. He described the burglarized premises as being: Located about a mile east of Bluff Dale on the right hand side and to the north of Highway 377 as one travels the same from Fort Worth to Stephenville.

He stated that his home was on a higher elevation than the highway and had a front porch, and that the front of the house

was of white pine construction and had been painted with a clear varnish shellac.

Two confessions of the appellant were introduced in evidence. In them, she stated that she lived in Fort Worth; that in June of 1955 she and two male companions "came out toward Stephenville" and "just before we got to Bluffdale, Texas, they drove up on the right hand side of the road to a house that had a front porch and oak colored front." In the second confession, the house was described as "up on a little hill" and "the front of the house was finished in natural colored varnished lumber." The confessions continue: "After getting these things (the sewing machine and the rifle) in the car they got in and we came on toward Stephenville."

This, we have concluded, was a sufficient showing that Mr. Deaver's house was the one described in the appellant's confession.

The appellant did not testify in her own behalf but introduced other witnesses who stated that when they saw the appellant later on in the day charged in the indictment she bore the evidence of having been physically abused.

We shall now discuss the contentions advanced in the appellant's brief.

It is urged that the court erred in failing to charge the jury on her affirmative defense of duress in accordance with the terms of Article 38, V.A.P.C.

Throughout her brief, the appellant refers to herself as the wife of a co-defendant Humphries. We do not think the record will support her in this. The offense occurred on June 18. On December 15, the appellant confessed to the crime. In that confession, she stated that she and Humphries "were married about two months ago." It is apparent that she was not Humphries' wife at the time the burglary was committed.

Aside from this subsequently created relationship, we have the following facts. One of the confessions recites that after the burglary the parties went on into the city of Stephenville, where they had a flat tire fixed, and after leaving there the appellant and Humphries got into a fight and she hitchhiked back into Fort Worth.

It was established by the witness State Ranger Roach that, while being interrogated concerning the crime, the appellant had told the officers that the fight with Humphries arose over his drinking and that she never intimated at that time that the burglary of the Deaver house had anything to do with the fight.

We fail to see how the issue of duress was raised. We cannot find in this record any evidence that the appellant did not voluntarily enter into this burglary. Her confession recites that she "knew they were going in there to get some things" and "they told me to hollow if I saw anyone coming." The fact that she had a fight with the man who afterward became her husband later in the day and that following the fight she caught a ride into Fort Worth would not raise an issue as to whether she voluntarily participated in the first burglary. While it is true that appellant's counsel made a serious effort in his cross-examination of the state's witness to show that the appellant did not voluntarily enter into the burglary of the Deaver home and that she was intimidated by the man who later became her husband, we are not at liberty to give his questions the weight of evidence.

Appellant next contends that the court failed to charge on the burden of proof. In paragraph 2, the court charged on the presumption of innocence; and in paragraph 9, when the court came to apply the law to the facts, he instructed the jury to acquit the appellant unless they found her guilty beyond a reasonable doubt.

In Day v. State, 21 Tex. App. 213, 17 S.W. 262, the Texas Court of Appeals held that a charge on the presumption of innocence, such as paragraph 2 above, was sufficient charge on the burden of proof.

In Glascow v. State, 50 Tex. Cr. Rep. 635, 100 S.W. 933, this court held that a charge which told the jury that they must believe the accused guilty beyond a reasonable doubt was a sufficient charge on the burden of proof.

Appellant further contends that the court erred in not submitting to the jury the issue of the voluntary nature of the confessions. It has been noted that the appellant did not testify. We have concluded that the appellant's cross-examination of the officers who were present when she confessed did not raise an issue as to whether or not the confession was voluntarily made.

The fact that she was in jail and needed to get home to her children does not in itself alone raise such an issue. Neither does the testimony of the officer that he told her it was always best to tell the truth, even though it did hurt sometimes, and that if she told the truth it would be better for her in the long run. Brown v. State, 153 Tex. Cr. Rep. 381, 220 S.W. 2d 476.

Appellant contends that the court erred in failing to grant her motion for continuance. We find no affidavit of the missing witness attached to the motion for new trial, nor do we find any showing under oath that the witness, if present, would have testified to the facts set forth in the motion. Such a showing is requisite. Morris v. State, 158 Tex. Cr. Rep. 516, 251 S.W. 2d 731.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.

DAVIDSON, Judge, dissenting.

This is a conviction for the daytime burglary of the private residence of Harry Deaver.

According to the testimony of Deaver, his residence was broken into and a portable sewing machine and automatic rifle were taken therefrom on June 18, 1955, about eleven o'clock in the morning. Deaver described the location of his house as being about one mile east of Bluff Dale on Highway 377 and about 75 or 100 yards from and north of that highway which runs from "Stephenville through Bluff Dale" to Fort Worth.

The witness testified that the front wall of the house across the front porch was "white pine with varnish shellac on it . . . natural colored with the exception of the varnish."

The sheriff of Erath County testified that Deaver's house was constructed of new lumber and had a small porch across the front but that he did not know the color the house was painted.

About six months after the burglary, appellant was arrested by the sheriff of Erath County and charged with participating in the burglary. She was taken to the office of the district attorney, to whom she made two written confessions.

In the first confession she admitted that some time in June, 1955,—the date or time of the day was not more definitely fixed —she, with her husband and one Bobby Pursley, left in an automobile traveling toward Stephenville; that just before they got to "Bluffdale," Texas, the automobile was driven up on the right-hand side of the road to a house that had a front porch and an "oak colored front;" that Pursley and her husband (J. L. Humphries) went into the house while she stood watch and later returned to the automobile, one carrying a sewing machine and the other a gun which they put in the car.

In the second confession, which was very much like the first, the house which was entered was described as being "on the righthand side of the road, up on a little hill . . . the front of the house was finished in natural colored varnished lumber," with a front porch across it.

In that confession appellant said that the sewing machine was sold by her husband to a "Mrs. Petty," who lived in Fort Worth, and that the gun was given to her (appellant's) son.

Deaver testified that the rifle which was stolen from his residence was brought and delivered to him by a "Mr. Roach."

No Mr. Roach testified as to when or where he got such a rifle, nor was there any effort made to explain his possession thereof.

The appellant did not testify.

Was Deaver's house, as described by him, the same house described in appellant's confession?

Deaver's house was on the right-hand side of Highway 377. The house that appellant said was burglarized was not shown to be on that highway or any other highway but was on a "road up on a little hill." Deaver's house was constructed of new lumber. The house which appellant described in her confessions had an oak-colored front, with lumber finished with natural colored varnish.

Deaver's house was a private residence. Nowhere is it shown by appellant's confession that the house her husband and Pursley burglarized was a private residence.

There is nothing in the confessions showing that the bur-

glary was in the daytime, as the indictment alleged and which the state was required to prove.

It is and would be impossible to take the description of the house as contained in the confessions and therefrom locate or find Deaver's house.

It is apparent that the confessions do not show a daytime burglary of Deaver's private residence or any other house.

The fact that Deaver's private residence was burglarized in the daytime and a sewing machine and automatic rifle were taken therefrom was established by Deaver's testimony. Thus, by that testimony, one element necessary to constitute proof of the corpus delicti of that crime was established—that is, that Deaver's private residence was burglarized by the criminal act or agency of some person. But proof, merely, of that fact is not sufficient to establish the corpus delicti. It must be shown that the accused was a guilty participant or criminally connected with the commission of that crime. The facts fail to so show.

In addition to the foregoing, there is the unexplained possession by another of some of the property taken in the burglary of Deaver's house.

It must be remembered that as a general rule in burglary cases the unexplained possession of property recently stolen is sufficient to sustain a conviction of the possessor. Authorities collated supporting that proposition are numerous and will be found under 6 Tex. Digest, Burglary, Key 42(1). See: Blake v. State, 133 Tex. Cr. R. 451, 112 S.W. 2d 732; Kelly v. State, 135 Tex. Cr. R. 509, 120 S.W. 2d 1067; Tomerlin v. State, 141 Tex. Cr. R. 426, 149 S.W. 2d 108.

Under that rule the proof showing that "Mr. Roach" was found in the recent possession of the stolen rifle constituted such an outstanding hypothesis of the guilt of another as to preclude appellant's conviction on circumstantial evidence, unless and until that outstanding hypothesis had been disproved or explained in consonance with the innocence of the possessor of the rifle.

No person ought to be guessed, presumed, or supposed into the penitentiary. The state is under the burden of establishing, by proof, the guilt of the accused. The state has not

met that burden here. That it has not done so is no fault of the judiciary.

The conviction ought not to be permitted to stand upon this record.

I respectfully dissent to the affirmance of this case.