John Thomas LOGAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–87–00197–CR.

Court of Appeals of Texas,
San Antonio.

Aug. 31, 1988.

Benjamin F. Walker, C. David Evans, San Antonio, for appellant.

Fred G. Rodriguez, Mario Del Prado, Ramona Albin, Michael L. Gebhart, Criminal Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, BUTTS, and CANTU, JJ.

OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment of conviction in a trial by jury for the offense of driving while intoxicated. TEX.REV. CIV.STAT.ANN. art. 6701*l*–1 (Vernon Supp.1988). We reverse.

In three points of error, appellant contends the trial court erred in excluding evidence that no visual recording was made of appellant after he was arrested for DWI; in denying appellant's requested jury instruction on the State's failure to visually record appellant; and in not charging the jury that the burden of proof was on the State.

During cross-examination of police officer Jose Espinoza, defense counsel tried to elicit testimony concerning the failure of the San Antonio Police Department officers to visually record appellant following his DWI arrest in Bexar County, pursuant to

Act 1983, 68th Leg., ch. 303, § 24 (found as a note to both TEX.REV.CIV.STAT.ANN. art. 6701*l*–1 and TEX.PENAL CODE ANN. § 19.05). The trial court sustained the State's objection.

Appellant also attempted to testify about the failure to visually record him. Again the State's objection was sustained.

Before the case was submitted to the jury, appellant made bills of exception for his testimony and that of Espinoza. The trial judge ruled the evidence was inadmissible.

■ The statute provides that in a county with a population of 25,000 or more the fact that an arresting officer or person acting on behalf of the State failed to visually record a person arrested for DWI is admissible at that person's trial for the offense. *Id.*

The trial court erred in not admitting such evidence. We must now determine the harm of the error.

The State argues that Espinoza was allowed to testify that appellant was not videotaped and that appellant was not offered an opportunity to be videotaped. According to the State, the error in sustaining the State's objections to similar questions is harmless. *Williams v. State,* 566 S.W. 2d 919 (Tex.Crim.App.1978); *Preston v. State,* 481 S.W.2d 408 (Tex.Crim.App.1972); *Martinez v. State,* 723 S.W.2d 264 (Tex. App.—San Antonio 1986, pet. ref'd).

The following occurred during cross-examination of Espinoza:

Q [By Defense Counsel]: Where is the video tape room in relation—

STATE: Objection, Judge. That is irrelevant.

THE COURT: I sustain the objection.

DEFENSE COUNSEL: Judge, I think it is relevant.

THE COURT: I sustain the objection.

Q [By Defense Counsel]: Was Mr. Logan offered a video tape?

A: No, sir.

Q: And he was not video taped was he?

A: No.

STATE: Your Honor, that is irrelevant.

THE COURT: I sustained that objection. And, Mr. Walker [defense counsel], when I sustain an objection it means it is sustained.

DEFENSE COUNSEL: Judge, that is not the question I asked.

THE COURT: I know what you asked.

In the bill of exception, Espinoza testified as follows:

Q: On the night that John Logan took the test was a video tape machine in operation at the San Antonio Police Department?

A: Yes, sir.

Q: Where was that video tape machine in operation?

A: It was in the next room.

Q: And were people who were being arrested for driving while intoxicated being video taped that night?

A: Only the ones who refused the intoxilyzer test.

Q: So there were people arrested for driving while intoxicated who were being video taped?

A: I am sure there were. We would have to look at the record.

Q: Was there a video tape made of John Logan that night?

A: No, sir.

In another bill of exception, appellant testified:

Q: What was discussed that night relative to making a video tape or a visual recording of your appearance shortly after your arrest?

A: They did not take a video tape.

Q: By that I mean no police officer or law enforcement officer or no agent of the State of Texas made a video tape of your appearance at that time?

A: No, they did not.

Q: Was there any other type of visual recording of your appearance made immediately after your arrest that night?

A: No, there was not.

Q: Was a discussion ever had concerning the making of a video tape or a visual recording of your appearance that night?

A: The police officer said you can either take the intoxilyzer or take a video tape. And I said the intoxilyzer because I am not drunk, or intoxicated.

Q: The effect is that you were then told that since you had taken the intoxilyzer test you would not be allowed to have a video tape or visual recording made of your actual appearance that night?

A: That was the impression I got.

Q: That is what you were told?

A: Yes, sir.

Q: Were you given an opportunity to have a video tape or a visual recording of your appearance that night?

A: No, I wasn't.

A defendant may argue to the jury the fact that the State failed to make a visual recording. *Drewett v. State*, 704 S.W.2d 43, 45 (Tex.Crim.App.1986). A defendant may use the absence of a videotape in an attempt to create a reasonable doubt in the jurors' minds. *Irion v. State*, 703 S.W.2d 362, 364 (Tex.App.—Austin 1986, no pet.).

Under § 24, the fact that appellant was not visually recorded was admissible. However, we see no reason why the statute should not be read to allow more evidence than the single unobjected to answer by Espinoza that appellant was not videotaped. Appellant should have been permitted to elicit testimony concerning the facts surrounding the failure to videotape: e.g., visual recording equipment was available, operational, and in close proximity; or the county was required to provide such equipment. Only then could appellant effectively make a jury argument about the absence of a visual recording.

■ We cannot determine that the error in excluding the evidence made no contribution to the conviction. TEX.R.APP.P. 81(b)(2).

Appellant's first point of error is sustained.

■ Next, appellant asserts that trial court erred in refusing to instruct the jury that it could consider the State's failure to visually record appellant.

This Court has previously rejected such a contention as requesting an improper comment on the weight of the evidence. *Ray v. State*, 749 S.W.2d 939, 945 (Tex.App.—San Antonio 1988, no pet.); *Franks v. State*, 724 S.W.2d 918, 920 (Tex.App.—San Antonio 1987, no pet.).

Appellant's second point of error is overruled.

In his final point of error, appellant complains of the trial court's failure to charge the jury that the burden of proof was on the State to prove guilt beyond a reasonable doubt. Relevant portions of the court's charge follow:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 30th day of November, 1986, in Bexar County, Texas, the defendant, JOHN THOMAS LOGAN, was intoxicated, and while so intoxicated, did drive or operate a motor vehicle in a public place, then you will find the defendant guilty as charged.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

\*  \*  \*  \*  \*  \*

In every criminal case, the defendant is presumed to be innocent until his guilt is established by legal and competent evidence beyond a reasonable doubt, and if you have a reasonable doubt as to the guilt of the defendant, you will resolve such doubt in his favor and find him not guilty.

■ Although it is proper to instruct the jury that the law placed the burden of proof on the State, it is not reversible error to omit this specific instruction from the charge when the charge, read as a whole, adequately informs the jury on the issue of burden of proof. *Humphries v. State*, 163 Tex.Cr.R. 601, 295 S.W.2d 218, 220 (1956); *Simpson v. State*, 709 S.W.2d 797, 799 (Tex.App.—Fort Worth 1986, pet. ref'd). The portions of the charge set out above are sufficient instructions on the burden of proof.

Appellant's third point of error is overruled.

The judgment is reversed and this cause remanded to the trial court.