NO. 07-06-0135-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 28, 2007


______________________________



DENNIS DEWAYNE IVY, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 316TH DISTRICT COURT OF HUTCHINSON COUNTY;



NO. 9381; HON. JOHN W. LAGRONE, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Dennis Dewayne Ivy was convicted of six counts of sexual assault of a child. In
contending those convictions should be reversed, he sets forth three issues in which he
claims: 1) the trial court improperly allowed evidence to be read to the jury during its
deliberations, 2) he received ineffective assistance of counsel because counsel failed to
object to the trial court's response to the jury's request to be read certain evidence, and 3)
he received ineffective assistance of counsel because counsel failed to object to the
admission into evidence of a certified foreign judgment used to enhance his punishment. 
We affirm the judgment of the trial court. 

 Issues 1 and 2 - Jury Note and Ineffective Assistance

 In his first issue, appellant contends the trial court erred in allowing certain evidence
to be read to the jury during its deliberations at the guilt/innocence phase. In his second,
he asserts that trial counsel rendered ineffective assistance since he did not object to the
trial court's reading of such evidence. We overrule both issues.

 According to the record, the following note was sent out by the jury:

 In regards to count number 5, on or about the 24th the juror's [sic] are in
conflict as to whether or not the vibrator ever made penetration. We would
request court record on this count.

The requested evidence was provided to the jury without objection by either party.

 If a jury disagrees as to the statement of any witness, it may have read to it from the
court reporter's notes that part of the testimony in dispute. Tex. Code Crim. Proc. Ann. art.
36.28 (Vernon 2006). While a simple request for testimony is insufficient to trigger the
opportunity, Howell v. State, 175 S.W.3d 786, 790 (Tex. Crim. App. 2005), the trial court
may in its discretion infer the existence of the requisite disagreement from circumstances
before it. Id. at 792. Moreover, it is not necessary for the jury to use the words "disagree"
or "disagreement" when propounding a question to the court and in satisfying the elements
of art. 36.28. Id. at 792-93. 

 Here, the jury informed the trial court that there existed a "conflict as to" a certain
factual matter. As the old cliche goes, "it takes two to tango." In other words, logic dictates
that for there to be a "conflict" at least two jurors must have disagreed about an evidentiary
matter or, at least, the record before us allowed the trial court to so reasonably infer. Given
that, its decision to read the testimony to the jury was not an abuse of discretion.

 Next, since the trial court acted properly in reading the testimony, defense counsel
had no basis to object to the decision. So, remaining silent did not render his conduct
deficient. 

 Issue 3 - Ineffective Assistance of Counsel - Admission of Foreign Judgment

 Finally, appellant argues that his counsel was deficient because he should have
objected to the admission of an Arkansas judgment during the punishment phase since
there was an insufficient showing that appellant was the subject of that judgment. We
overrule the issue. 

 Here, the State proffered the testimony of David O'Dell Hagler, a probation officer
in Hutchinson County. Hagler testified that appellant had been convicted in Arkansas,
identified a certified copy of the Arkansas judgment memorializing that conviction, and
acknowledged to being asked to supervise appellant's probation arising from that conviction
while appellant was in Texas. So too did he state that he actually served as appellant's
probation officer as requested and that appellant was the individual "involved" in the
Arkansas judgment. This dialogue has been held sufficient to establish that the defendant
and the person named in the prior judgment were one and the same. See Baustista v.
State, 642 S.W.2d 233, 237 (Tex. App.-Houston [14th Dist.] 1982, pet. ref'd, untimely filed)
(involving the testimony of a parole officer). Given this, the trial court did not abuse its
discretion in admitting the judgment; nor did defense counsel act deficiently in failing to
object to the lawful decision. 


 

 Accordingly, the judgment of the trial court is affirmed. 


 Brian Quinn

 Chief Justice


Do not publish.



ideWhenUsed="false" Name="Medium Shading 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-08-0501-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C 

 

 JUNE 16, 2010



 

 



 

 

ROGELIO PENA, JR., APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 

 



 

 FROM THE 364TH DISTRICT
COURT OF LUBBOCK COUNTY;

 

NO. 2007-417,493; HONORABLE BRADLEY UNDERWOOD, JUDGE



 

 



 

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

            Appellant, Rogelio Pena, Jr., pled guilty in open
court to two felony offenses, aggravated sexual assault and indecency with a
child.[1]
He was sentenced by a jury to two concurrent sentences of sixty and twenty years confinement, respectively, and fined $10,000 for each
offense.  Appellant asserts (1) the trial
court erred by imposing sentences disproportionate to the offenses underlying
his convictions resulting in a violation of federal and state constitutional
prohibitions against cruel and unusual punishment and (2) his counsel rendered
ineffective assistance during the punishment phase of his case.   We
affirm.

I.  Cruel and Unusual Punishment

            Appellant contends the trial court's imposition of concurrent sentences of
sixty years confinement for aggravated sexual assault and twenty years
confinement for indecency with a child[2]
violates the state and federal constitutional prohibition against cruel and
unusual punishment.[3] 

            In order to preserve for appellate
review a complaint that a sentence is grossly disproportionate constituting
cruel and unusual punishment, a defendant must present to the trial court a
timely request, objection, or motion stating the specific grounds for the
ruling requested.[4] Curry v. State, 910 S.W.2d 490, 497
(Tex.Crim.App. 1995) (holding failure to make specific objection at trial
waives Eighth Amendment claim of cruel and unusual punishment).  Accord Nicholas
v. State, 56 S.W.3d 760, 768 (Tex.App.--Houston [14th Dist.] 2001, pet.
ref'd); Solis v. State, 945 S.W.2d
300, 301 (Tex.App.--Houston [1st Dist.] 1997, pet. ref'd).  Because Appellant failed to object on grounds
of cruel and unusual punishment at the sentencing hearing or in his motion for
new trial, he failed to preserve error for review.  See Ladd v. State, 3 S.W.3d 547, 564 (Tex.Crim.App. 1999); Rodriquez v. State, 917 S.W.2d 90, 92
(Tex.App.--Amarillo 1996, pet. ref'd). 
Appellant's first point of error is overruled.

II.  Ineffective Assistance of Counsel

            Appellant
asserts his counsel was ineffective because he failed to object to:  (1) his disproportionate sentences, (2) the
admissibility of his confession, and (3) irrelevant and prejudicial testimony
by Adam Puckett, a Lubbock County Probation Officer.

            A.  Standard of Review

            The Sixth Amendment guarantees the right to the reasonably effective
assistance of counsel in state criminal prosecutions.  McMann v. Richardson, 397 U.S. 359, 771 n.14, 90 S.Ct. 1441, 24
L.Ed.2d 763 (1970).  We examine
ineffective assistance of counsel claims by the standard enunciated in Strickland v. Washington, 466 U.S. 668,
687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by Texas in Hernandez v. State, 726 S.W.2d 53, 56-57
(Tex.Crim.App. 1986).  This standard applies
to both the punishment stage and the guilt/innocence and punishment stage of
criminal proceedings.  Hernandez v. State, 988 S.W.2d 770, 772
(Tex.Crim.App. 1999).

            Under
this standard, Appellant has the burden to show by a preponderance of the
evidence that (1) trial counsel's performance was deficient, i.e., fell below
the prevailing professional norms, and (2) the deficiency prejudiced the
defendant; that is, but for the deficiency, there is a reasonable probability[5]
that the result of the proceeding would have been different.  See Mitchell
v. State, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002); Thompson v. State, 9 S.W.3d 808, 812 (Tex.Crim.App. 1999).  To overcome the strong presumption that
counsel's conduct fell within the wide range of reasonable professional
assistance and presumption that the challenged action might be considered valid
trial strategy; Strickland, 466 U.S.
at 689, "any allegation of ineffectiveness must be firmly founded in the record,
and the record must affirmatively demonstrate the alleged ineffectiveness."  Thompson,
9 S.W.3d at 814. 
Judicial review must be highly deferential to trial counsel and avoid
the deleterious effects of hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Crim.App. 1984).  See
Goodspeed v. State, 187 S.W.3d 390,
392 (Tex.Crim.App. 2005); Thompson, 9
S.W.3d at 812-13.    

            In the usual case in which an
ineffective assistance claim is made, "the record on direct appeal will
not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to
overcome the presumption that counsel's conduct was reasonable and
professional."  Bone v. State, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002).  This is generally the case because a silent
record provides no explanation for counsel's actions and therefore will not
overcome the strong presumption of reasonable assistance.  Freeman v. State, 125 S.W.3d 505, 506 (Tex.Crim.App. 2003); Rylander v. State, 101 S.W.3d 107, 110-11
(Tex.Crim.App. 2003).[6]


            This
case demonstrates "the inadequacies inherent in evaluating ineffective
assistance claims on direct appeal." 
Patterson v.
State, 46 S.W.3d 294, 306 (Tex.App. 
--Fort Worth 2001, pet. ref'd).  Like Patterson,
Appellant's motion for new trial did not claim ineffective assistance, the
trial court did not hold a hearing to determine whether Appellant's complaints
of ineffective assistance involved actions that may or may not be grounded in
trial strategy and the record does not reflect counsel's reasons for doing or
failing to do the things of which Appellant complains.  

            B.  Disproportionate Sentences

            Appellant challenges his trial counsel's failure to object to his two
concurrent sentences as cruel and unusual punishment.  However, other than to refer this Court to arguments
asserting his punishment was cruel and unusual, Appellant's brief contains no
citations to the record or case law establishing counsel was ineffective in not
making the objection.  Appellant's brief
merely states "[s]uffice it to say that, assuming this Court holds
appellant's point of error waived despite its fundamental nature, counsel erred
by not objecting on those grounds and thus not preserving error."  Appellant does not cite any case law or other
authority in support of this contention. 
Thus, the contention was insufficiently briefed, and therefore,
waived.  Tex. R. App.
P. 38.1(h).  See Cardenas v.
State, 30
S.W.3d 384, 393 (Tex.Crim.App. 2000). 

            Even
if this contention had not been waived, Appellant has not established that the
trial court would have committed error in overruling such an objection.  See
Vaughn v. State, 931 S.W.2d 564, 566
(Tex.Crim.App. 1996).  Where, as here, an
appellant's sentences were within the range authorized by statute, the
punishment is generally not considered cruel and unusual punishment.  Harris v. State, 656 S.W.2d 481, 486 (Tex.Crim.App. 1983); McNew v. State, 608 S.W.2d 166, 174
(Tex.Crim.App. 1978); Samuel v. State,
477 S.W.2d 611, 615 (Tex.Crim.App. 1972); Rodriquez
v. State, 917 S.W.2d 90, 92 (Tex.App.--Amarillo 1996, pet. ref'd).  See
Ajisebutu v. State, 236 S.W.3d 309, 314 (Tex.App.--Houston [1st Dist.]
2007, pet. ref'd); Jacoby v. State,
227 S.W.3d 128, 131 (Tex.App.--Houston [1st Dist.] 2006, pet. ref'd).     

            Moreover,
we will not engage in prohibited speculation. 
See Stafford v. State, 101
S.W.3d 611, 613-14 (Tex.App.--Houston [1st Dist.] 2003, pet. ref'd); Stultz v. State, 23 S.W.3d 198, 208
(Tex.App.--Houston [14th Dist.] 2000, pet. ref'd).  A silent record provides no explanation for
counsel's actions and therefore will not overcome the strong presumption of
reasonable assistance.  Freeman, 125 S.W.3d at
506.  Based on this record, we
cannot say that Appellant's counsel's failure to object was "so outrageous
that no competent attorney would have engaged in it."  Goodspeed,
187 S.W.3d at 392 (quoting Garcia v.
State, 57 S.W.3d 436, 440 (Tex.Crim.App. 2001)).

            C. 
Confession

            Appellant next contends his counsel was ineffective because he did not
object to the admissibility of his confession when two "promises,"
made by the State during interrogation prior to Appellant's confession,
rendered Appellant's confession involuntary, i.e., Detective Davidson testified
he told Appellant that "the only way appellant's situation would get any
better is for appellant to tell the truth" and "he would speak highly
of appellant to the district attorney's office."  

            Before
a promise will render a confession inadmissible, the promise must be shown to
have induced the confession.  Muniz v. State, 851 S.W.2d 238, 254
(Tex.Crim.App.), cert. denied, 510
U.S. 837, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993). 
In order to induce a confession, the promise must be (1) of some benefit
to the defendant, (2) positive, (3) made or sanctioned by someone in authority,
and (4) of such an influential nature that it would likely influence a
defendant to speak untruthfully.  Fisher v. State, 379
S.W.2d 900, 902 (Tex.Crim.App. 1964). 
An improper inducement must be of exceptional character before it will
invalidate an otherwise valid confession. 
Espinosa v.
State, 899 S.W.2d 359, 364 (Tex.App.--Houston [14th Dist.] 1995, pet.
ref'd).  Thus, general,
non-specific offers to help a defendant are unlikely to elicit a false
statement by the suspect, and will not render a confession invalid.  Id.  (citing Dykes v. State, 657 S.W.2d 796, 797
(Tex.Crim.App. 1983).  Neither will general
statements about how a confession might result in more lenient treatment invalidate
a confession.  Id.  

            Statements similar to, if not more specific than, those made to
Appellant by Detective Davidson have been held insufficient to render a
suspect's statement involuntary.  See Chambers v. State, 866 S.W.2d 9, 21
(Tex.Crim.App. 1993) ("everything is going to be alright"), cert. denied, 511 U.S. 1100, 114 S.Ct.
1871, 128 L.Ed.2d 491 (1994); Coursey v.
State, 457 S.W.2d 565, 568-69 (Tex.Crim.App. 1970) ("it would be best
for him to go ahead and make a statement" or "it would be better to
get his business straight"), Brown
v. State, 220 S.W.2d 476, 478 (Tex.Crim.App. 1949) (officer told suspect
"the best thing to do was to tell the truth about it, that people might
think more of him to do it").  See also Herrera v. State, 194 S.W.3d
656, 660 (Tex.App.--Houston [14th Dist.] 2006, pet. ref'd) ("[w]e can talk
to the D.A., get you an offer, if you can help us"); Lee v. State, 964 S.W.2d 3, 13 (Tex.App.--Houston [1st Dist.] 1997,
pet. ref'd) ("if I was you . . . I would tell what I knew to get it off of
my chest, so that I would feel better"); Espinosa v. State, 899 S.W.2d 359, 362-63 (Tex.App.--Houston [14th
Dist.] 1995, pet. ref'd) ("[g]o ahead and tell us what happened.  Everything will be better for you, you will
get less time").  Moreover, a
confession is not rendered inadmissible because it is made after an accused has
been told it would be best to tell the truth. 
Smith v. State,
91 Tex. Crim. 15, 237 S.W. 265, 267 (1922).  See also Humphries v. State, 163 Tex. Crim. 601, 295 S.W.2d 218,
220 (1956); Brown v. State, 153 Tex.
Crim. 381, 220 S.W.2d 476, 478-79 (1949).

            Even
assuming Detective Davidson made a promise of some benefit, the statements are
not positive promises of leniency, Detective Davidson never claimed to have
authority to make an offer, and the statements were certainly not of such an
influential nature to cause a defendant to speak untruthfully.  Under the circumstances, even if counsel had
objected to admission of the confession on the basis now asserted by Appellant,
we cannot say there was a reasonable probability the result would have been any
different.  

            D. 
Probation Officer's Testimony

            Appellant also contends his counsel was ineffective because he did not object
to testimony from the State's rebuttal witness, Adam Puckett, a Lubbock County
Probation Officer, as irrelevant and/or extremely prejudicial.  Specifically, Appellant asserts his counsel
should have objected to Puckett's testimony regarding probation violations by convicted
sex offenders.                                                         
                                                                                                                                                                                                                                                                

            The
record does not reflect defense counsel's reasons for not objecting to the
testimony.   In assessing a claim of
ineffective assistance, we "must indulge a strong presumption that
counsel's conduct [fell] within the wide range of reasonable professional
assistance; that is, the [appellant] must overcome the presumption that, under
the circumstances, the challenged action might be considered sound trial
strategy."  Strickland, 466 U.S. at 689. 
Also, in the absence of evidence of counsel's reasons for the challenged
conduct, an appellate court "commonly will assume a strategic motivation
if any can possibly be imagined." Garcia
v. State, 57 S.W.3d 436, 440 (Tex.Crim.App. 2001) (quoting 3 W. LaFave, et
al., Criminal Procedure § 11.10(c) (2d. ed 1999)).   

            Appellant
has failed to demonstrate that his trial counsel's performance fell below an
objective standard of reasonableness.  His
counsel may have considered such an objection futile because Suzy Byrd, a court
officer for the Lubbock County Adult Probation Department, testified for the
defense to the terms and conditions of probation for sex offenders, what occurs
if there is a violation of the conditions of probation, and how common it is
for persons to violate their probation. 
She also testified that, based upon her experience with sex offenders on
probation, it was less common for sex offenders to violate their probation than
other probationers.  Jim Branaman, a
psychologist, also testified for the defense on an evaluation he performed on
Appellant for the purposes of determining the likelihood he would
reoffend.  Branaman also testified whether
treatment was available for sex offenders while on probation and what would
occur if conditions of probation were violated. 
Puckett was the State's rebuttal witness to Byrd's and Branaman's
testimony.   

            Evidence
that is otherwise inadmissible may become admissible when a party opens the
door to such evidence; Williams v. State,
301 S.W.3d 675, 685 (Tex.Crim.App. 2009) (citing Hayden v. State, 296 S.W.3d 549, 554 (Tex.Crim.App. 2009)), and it
is not ineffective assistance for trial counsel to forego making frivolous
arguments and objections.  See Edmond v. State, 116 S.W.3d 110, 115
(Tex.App.--Houston [14th Dist.] 2002, pet. ref'd).  Accordingly, we conclude Appellant has not
met the first prong of the Strictland test.  

            Having considered each of
Appellant's contentions and allegations of ineffective assistance of counsel,
we hold that his trial counsel's conduct did not so undermine the proper
functioning of the adversarial process that Appellant's punishment hearing
cannot be relied on as having produced a just result.  See
Strickland, 466 U.S. at 686.  Appellant's
second point of error is overruled.

             


Conclusion

            The trial
courts judgment is affirmed.  

 

                                                                                                Patrick
A. Pirtle

                                                                                                      Justice  

 

Do not publish.    

            

            

            

            

            

            

            











[1]See Tex. Penal Code Ann. §§ 22.021(a)(2)(B), 21.11(a)(1) (Vernon Supp. 2009).





[2]The
offense of "aggravated sexual assault" is classified as a first
degree felony punishable by life or for any term of not more than 99 years or
less than 5 years and a fine up to $10,000. 
Tex. Penal Code Ann. § 12.32 (Vernon Supp. 2009).  The offense of "indecency with a
child" is classified as a second degree felony punishable by not more than
20 years or less than 2 years confinement and up to a $10,000 fine.  Id. at § 12.33.





[3]See Tex. Const. art.
I, § 13; U.S. Const. amend. VIII, XIV.





[4]See Tex. R. App. P. 33.1(a).  The complaining party must object at the
earliest possible opportunity and obtain an adverse ruling; Wilson v. State, 71 S.W.3d 346, 349
(Tex.Crim.App. 2002), and, on appeal, the arguments must comport with the
objection at trial, or the error is waived. 
Id. (quoting Thomas v. State, 723 S.W.2d 696, 700
(Tex.Crim.App. 1986)).  Even
constitutional errors may be waived by a failure to object at trial.  Fuller v. State, 253 S.W.3d 220, 232 (Tex.Crim.App. 2008).  Although appellate courts may take notice of
fundamental error affecting rights so fundamental to the judicial system that
they are granted special protection and cannot be waived by inaction alone; Blue v. State, 41 S.W.3d 129, 131
(Tex.Crim.App. 2000), a cruel and unusual complaint does not constitute
fundamental error.  Trevino v. State, 174 S.W.3d 925, 927-28 (Tex.App.--Corpus Christi
2005, pet.ref'd).   

 

 





[5]A
"reasonable probability" is one "sufficient to undermine
confidence in the outcome."  Bone v. State, 77 S.W.3d 828, 833
(Tex.Crim.App. 2002).





[6]An
adequate record is best developed by an application for a writ of habeas corpus
or by developing facts and details with a thorough and detailed examination of
the alleged ineffectiveness.  See Jackson v. State, 973
S.W.2d 954, 957 (Tex.Crim.App. 1998). See also Aldrich v. State, 104 S.W.3d
890, 896 (Tex.Crim.App. 2003) (proper procedure for raising a claim of
ineffective assistance is almost always habeas corpus).